# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO.  1:17-cv-01365-JEJ |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CLASS ACTION |
| GAMESTOP CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

---

### DECLARATION OF BENJAMIN F. JOHNS IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

---

I, Benjamin F. Johns, declare as follows:

1.      I am a Partner at the law firm of Chimicles & Tikellis LLP ("C&T") and *pro hac vice* counsel for Plaintiffs Crystal Bray and Samuel Cook ("Plaintiffs") in this case. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement. I have personal knowledge of the information contained herein, and if called as a witness could and would testify competently thereto.

**A.      The Action**

2.      On September 29, 2017, my firm, along with co-counsel at Abington Cole + Ellery, filed a putative class action on behalf of Plaintiffs against Defendant GameStop Corporation ("Defendant") in this Court.

3.      Both before and after the filing of Plaintiffs' complaint (D.I. #1), attorneys at C&T investigated the underlying facts and thoroughly researched the relevant law.

This included reviewing consumer complaints related to the breach, communicating with numerous consumers who contacted C&T regarding the data breach, reviewing public disclosures by Defendant regarding the same, and reviewing industry publications and commentary regarding the breach. My firm also spent time researching background information regarding the technology relevant to the case and data breaches in general and investigating the claims, consequences, and viable legal theories to be pursued against Defendant. Both my firm and our co-counsel communicate frequently with Ms. Bray and Mr. Cook.

4.      On November 7, 2018, the Court appointed my firm, Chimicles & Tikellis LLP, and my co-counsel's firm, Abington Cole + Ellery, as interim co-lead class counsel (D.I. #14).

5.      On December 15, 2017, GameStop responded to Plaintiffs' Complaint by filing a Motion to Dismiss the case in its entirety (D.I. #25). Plaintiffs filed their Opposition on January 17, 2018 (D.I. #30), to which Defendant replied on February 16, 2018 (D.I. #34).

6.      After the motion was fully briefed by the parties, the Court issued a Memorandum & Order on March 16, 2018 that granted in part and denied in part GameStop's motion to dismiss (D.I. #36). The Court dismissed Plaintiffs' negligence-based and breach of express contract claims, but sustained Plaintiffs' claims for breach of implied contract, unjust enrichment, and violations of the Indiana and North Carolina consumer protection statutes.

**B.      The Settlement Negotiations**

7.      All negotiations regarding settlement in this case have been conducted at arm's length, in good faith, and free of collusion.

8.      Subsequent to the filing of Defendant's Motion to Dismiss, Plaintiffs' Opposition thereto, and Defendants' Reply, but prior to the Court's decision on that briefing, the parties

commenced discussions regarding the possibility of a negotiated settlement on behalf of Plaintiffs' and the Class.

9.      Plaintiffs' counsel sent a written settlement demand to Defendant's Counsel on January 9, 2018.

10.     On February 23, 2018, defense counsel sent a settlement counterproposal.

11.     On or around March 9, 2018, the parties agreed to seek the aid of private mediator Bennett Picker of Stradley Ronon Stevens & Young LLP in Philadelphia to continue settlement negotiations.

12.     Each party submitted their own confidential mediation statements and had *ex parte* meeting with Mr. Picker in advance of mediation.

13.     In anticipation of mediation, Defendant produced certain relevant information to Plaintiffs, including the Payment Card Industry Data Security Standard PFI Report regarding to the data breach, consumer complaint records, and certain communications regarding the data breach.

14.     On May 2, 2018, the parties engaged in a full-day mediation session with Mr. Picker, beginning at approximately 9:00 a.m. The mediation session concluded at approximately 7:30 p.m.

15.     By the conclusion of the parties' full-day mediation session, counsel had reached agreement on all material, substantive terms of a class-wide settlement. We were unable, however, to reach agreement on the amount of Plaintiffs' attorneys' fees and expenses.

16.     Before the parties dispersed, Mr. Picker made a mediator's double-blind proposal on this remaining outstanding issue, which both parties later accepted on Monday, May 7, 2018.

17.     As part of settlement negotiations, GameStop made certain representations to Plaintiffs' counsel regarding the measures taken following the breach to increase GameStop's data security measures and consumer information protection procedures. On June 28, Plaintiffs' counsel subsequently performed a confirmatory telephone interview of GameStop CISO Brian Owens to verify these measures.

**C.     Exhibits**

18.     Attached hereto as Exhibit A is the proposed Detailed Notice.

19.     Attached hereto as Exhibit B is the proposed Postcard Notice.

20.     Attached hereto as Exhibit C is the proposed Email Notice.

21.     Attached hereto as Exhibit D is the proposed Claim Form.

22.     Attached hereto as Exhibit E is the [Proposed] Order Granting Final Approval of the Class Action Settlement.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 16, 2018.

By:_____
Benjamin F. Johns
Andrew W. Ferich
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Phone: 610-642-8500
BFJ@chimicles.com
AWF@chimicles.com
JLT@chimicles.com

Robert J. Kriner, Jr. (Bar No. 2546)
Vera G. Belger (Bar No. 5676)
CHIMICLES &TIKELLIS LLP
222 Delaware Ave, Suite 1100

Wilmington, DE 19801
(302) 656-2500
rjk@chimicles.com
vgb@chimicles.com

*Attorneys for Plaintiffs*
 *Crystal Bray and Samuel Cook*

# EXHIBIT A

<u>UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE</u>

# If you purchased video gaming devices and/or accessories from GameStop online using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached with GameStop Corporation ("GameStop") in a class action lawsuit about a data security incident that occurred between August 10, 2016 and February 9, 2017.

- From on or about August 10, 2016 to February 9, 2017, GameStop was the victim of a cyber-attack in which criminals accessed its computer systems (the "Security Incident"). The Security Incident potentially resulted in unauthorized access to customer payment card data and other personally identifying information. Subsequently, this lawsuit was filed asserting claims against GameStop relating to the Security Incident.

- The Settlement includes all persons residing in the United States who used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and charges that were incurred and plausibly arose from the Security Incident, and for other extraordinary unreimbursed monetary losses.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | The only way to get a payment. |
| **Ask to be Excluded** | Get no payment. The only option that allows you to sue GameStop over the claims resolved by this Settlement. |
| **Object** | Write to the Court about why you do not like the Settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

**Questions? Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXX.com**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................**Page 3**
1. Why was this Notice issued?
2. What is this lawsuit about?
3. Why is this lawsuit a class action?
4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ................................................................................**Page 3**
5. How do I know if I am included in the Settlement?
6. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ....................................................................................**Page 4**
7. What does the Settlement provide?
8. What payments are available for Expense Reimbursement?
9. What payments are available for Extraordinary Expense Reimbursement?

**HOW TO GET BENEFITS** ...............................................................................................**Page 5**
10. How do I get benefits?
11. How will claims be decided?

**REMAINING IN THE SETTLEMENT** ..........................................................................**Page 5**
12. Do I need to do anything to remain in the Settlement?
13. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...............................................**Page 6**
14. If I exclude myself, can I get a payment from this Settlement?
15. If I do not exclude myself, can I sue GameStop for the same thing later?
16. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ......................................................................**Page 6**
17. Do I have a lawyer in this case?
18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ..........................................................................**Page 7**
19. How do I tell the Court that I do not like the Settlement?
20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ..........................................................................**Page 8**
21. When and where will the Court decide whether to approve the Settlement?
22. Do I have to attend the hearing?
23. May I speak at the hearing?

**IF YOU DO NOTHING** ...................................................................................................**Page 9**
24. What happens if I do nothing?

**GETTING MORE INFORMATION** ................................................................................**Page 9**
25. How do I get more information?

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXX.com**

# BASIC INFORMATION

## 1. Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge John E. Jones, III of the United States District Court for the District of Delaware is overseeing this case. The case is known as *Bray, et al. v. GameStop Corp.*, Case No. 17-cv-01365-JEJ. The persons who sued are called the Plaintiffs. GameStop is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claims that GameStop was responsible for the Security Incident that occurred and asserts claims such as: negligence, negligence per se, breach of contract, breach of implied contract, unjust enrichment and violation of the Indiana and North Carolina consumer protection statutes. The lawsuit seeks compensation for people who had losses as a result of the Security Incident.

GameStop denies all of the Plaintiffs' claims and says it did not do anything wrong.

## 3. Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members." In this case, the Representative Plaintiffs are Crystal Bray and Samuel Cook. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation. The Representative Plaintiffs and their attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members. The Settlement does not mean that GameStop did anything wrong.

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am included in the Settlement?

You are included in the Settlement Class if you reside in the United States and used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

Specifically excluded from the Settlement Class are: (i) GameStop and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXXX.com**

**3**

Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contender* (a no-contest plea, while not technically a guilty plea, has the same immediate effect as a guilty plea and is often offered as part of a plea bargain) to any such charge.

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-XXX-XXX-XXXX with questions or visit www.XXXXXXXXXXXXXXXXXXXX.com. You may also write with questions to GameStop Claims Administrator, PO Box XXXX, City, State zip code. Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

The Settlement will provide payments to people who submit valid claims.

There are two types of payments that are available: (1) Expense Reimbursement (Question 8) and (2) Extraordinary Expense Reimbursement (Question 9). You may submit a claim for either or both types of payments. In order to claim each type of payment, you must provide related documentation with the Claim Form.

## 8. What payments are available for Expense Reimbursement?

Class Members are eligible to receive reimbursement of up to $235 (in total) for the following categories of out-pocket expenses resulting from the Security Incident:

- unreimbursed bank fees;
- unreimbursed card reissuance fees;
- unreimbursed overdraft fees;
- unreimbursed charges related to unavailability of funds;
- unreimbursed late fees;
- unreimbursed over-limit fees;
- long distance telephone charges;
- cell minutes (if charged by minute);
- internet usage charges and text messages;
- unreimbursed charges from banks or credit card companies;
- postage;
- interest on payday loans due to card cancelation or due to over-limit situation;
- costs of credit report(s);
- costs of credit monitoring and identity theft protection (up to $120);

- reimbursement of up to three hours of documented lost time (at $15 per hour) spent dealing with replacement card issues or in reversing fraudulent charges (only if at least one full hour was spent)
- and an additional $22 payment for each credit or debit card on which documented fraudulent charges were incurred that were later reimbursed.

## 9.  What payments are available for Extraordinary Expense Reimbursement?

Class Members who had other extraordinary unreimbursed monetary losses because of information compromised as part of the Security Incident are eligible to make a claim for reimbursement of up to $10,000.  As part of the claim, the Class Member must show that: (1) it is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Security Incident; (3) the loss occurred during the time period from August 10, 2016 through February 9, 2017; (4) the loss is not already covered by one or more of the categories in Question 8; and (5) a reasonable effort was made to avoid or seek reimbursement for the loss (including exhaustion of all available credit monitoring insurance and identity theft insurance).

More details are provided in the Settlement Agreement, which is available at www.XXXXXXXXXXXXXXX.com.

# HOW TO GET BENEFITS

## 10.  How do I get benefits?

To ask for a payment, you must complete and submit a Claim Form.  Claim Forms are available at www.XXXXXXXXXXXXXXX.com, or you may request one by mail by calling 1-XXX-XXX-XXXX.  Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than **Month Day, 2018** to:

GameStop Claims Administrator
PO Box XXXXX
City, State zip code

## 11.  How will claims be decided?

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid.  The Claims Administrator may require additional information from any claimant.  If the required information is not provided timely, the claim will be considered invalid and will not be paid.

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial Claim Referee who has been appointed by the Court.

# REMAINING IN THE SETTLEMENT

## 12.  Do I need to do anything to remain in the Settlement?

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXX.com**

5

You do not have to do anything to remain in the Settlement, but if you want a payment you must submit a Claim Form postmarked by **Month Day, 2018**.

**13.  What am I giving up as part of the Settlement?**

If the Settlement becomes final, you will give up your right to sue GameStop for the claims being resolved by this Settlement.  The specific claims you are giving up against GameStop are described in Section 1.20 of the Settlement Agreement.  You will be "releasing" GameStop and all related people or entities as described in Section 6 of the Settlement Agreement.  The Settlement Agreement is available at www.XXXXXXXXXXXXXXXs.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the law firms listed in Question 17 for free or you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue GameStop about issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

**14.  If I exclude myself, can I get a payment from this Settlement?**

No.  If you exclude yourself, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

**15.  If I do not exclude myself, can I sue GameStop for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue GameStop for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.  If you exclude yourself, do not submit a Claim Form to ask for a payment.

**16.  How do I exclude myself from the Settlement?**

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *Bray, et al. v. GameStop Corp.*, Case No. 17-cv-01365-JEJ.  Include your name, address, and signature.  You must mail your Exclusion Request postmarked by **Month Day, 2018**, to:

GameStop Settlement Exclusions
PO Box XXXXX
City, State zip code

## THE LAWYERS REPRESENTING YOU

**17.  Do I have a lawyer in this case?**

Yes.  The Court appointed the following lawyers as "Class Counsel": Benjamin F. Johns of Chimicles & Tikellis LLP, 361 W. Lancaster Avenue, Haverford, Pennsylvania 19041 and Cornelius P. Dukelow of Abington Cole + Ellery, 320 South Boston Avenue, Suite 1130, Tulsa, Oklahoma 74103.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.  How will the lawyers be paid?**

Class Counsel will request the Court's approval of an award for attorneys' fees and reasonable costs and expenses of $557,500.  Class Counsel will also request approval of an incentive award of $3,750 for each of the Representative Plaintiffs.  Any amount that the Court awards for attorneys' fees, costs, expenses, and an incentive award will be paid separately by GameStop and will not reduce the amount of payments to Class Members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.  How do I tell the Court that I do not like the Settlement?**

You can object to the Settlement if you do not like it or some part of it.  The Court will consider your views.  To do so, you must file a written objection in this case, *Bray, et al. v. GameStop Corp.*, Case No. 17-cv-01365-JEJ, with the Clerk of the Court at the address below.

Your objection must include all of the following: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable; (iv) the identity of all counsel representing you, if any, in connection with your objection; (v) the identity of all counsel representing you who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing; (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or representative plaintiff.

To be timely, your objection must be **postmarked** to the Clerk of the Court for the United States District Court for District of Delaware no later than **Month Day, 2018**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel, postmarked no later than **Month Day, 2018**:

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXXX.com**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Office of the Clerk United States District Court 844 North King St. Unit 18 Wilmington, DE 19801-3570 | Benjamin F. Johns Chimicles & Tikellis LLP 361 W. Lancaster Avenue Haverford, Pennsylvania 19041 | Paul G. Karlsgodt Baker & Hostetler LLP 1801 California Street Suite 4400 Denver, CO 80202 |

## 20. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved.  You can object only if you do not exclude yourself from the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement.

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at __:__ _.m. on **Month Day, 2018**, at the United States District Court for the District of Delaware located at 844 North King St., Wilmington, DE 19801-3570.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made.  The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for an incentive award for the Representative Plaintiffs.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

## 22. Do I have to attend the hearing?

No.  Class Counsel will present the Settlement Agreement to the Court.  You or your own lawyer are welcome to attend at your expense, but you are not required to do so.  If you send an objection, you do not have to come to the Court to talk about it.  As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 19, the Court will consider it.

## 23. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file an objection according to the instructions in Question 19, including all the information required by items (v), (vi), and (vii).  Your Objection must be **filed** with the Clerk of the Court for the United States District Court for District of Delaware no later than **Month Day, 2018**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 19, postmarked no later than **Month Day, 2018**:

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXXX.com**

# IF YOU DO NOTHING

## 24. What happens if I do nothing?

If you do nothing, you will get no benefits from this Settlement.  Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against GameStop about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 25. How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement at www.XXXXXXXXXXXXX.com.  You may also write with questions to GameStop Claims Administrator, PO Box XXXXX, City, State Zip. You can also get a Claim Form at the website, or by calling the toll free number, 1-XXX-XXX-XXXX.

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXX.com**

9

# EXHIBIT B

# If you used a credit, debit, or other payment card to purchase video gaming devices and/or accessories from GameStop online, you may be eligible for a payment from a class action settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached in a class action lawsuit concerning a cyber-attack against GameStop Corporation ("GameStop") which resulted from criminals accessing its computer systems (the "Security Incident"). The Security Incident happened between August 10, 2016 and February 9, 2017, and potentially resulted in unauthorized access to customer payment card data and other personally identifying information. GameStop denies all of the claims and says it did not do anything wrong.

WHO IS INCLUDED? **GameStop records show you are a likely member of the Settlement Class.** The Settlement Class includes all persons residing in the United States who used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

SETTLEMENT BENEFITS. The Settlement provides two types of payments to people who submit valid claims: 1) Reimbursement of up to $235 for out-of-pocket expenses and documented lost time that resulted from the Security Incident; and 2) Reimbursement of up to $10,000 for extraordinary expenses which were more likely than not caused by the Security Incident.

THE ONLY WAY TO RECEIVE A BENEFIT IS TO FILE A CLAIM. To get a Claim Form, visit the website or call 1-XXX-XXX-XXXX. The claim deadline is **Month Day, 2018**.

OTHER OPTIONS. If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue GameStop for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2018**. If you stay in the Settlement, you may object to it by **Month Day, 2018**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On **Month Day, 2018**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees and reasonable costs of $557,500, and an incentive award of $3,750 for each of the Representative Plaintiffs. The Motion for attorneys' fees will be posted on the website after they are filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

# EXHIBIT C

**If you used a credit, debit, or other payment card to purchase video gaming devices and/or accessories from GameStop online, you may be eligible for a payment from a class action settlement.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached in a class action lawsuit concerning a cyber-attack against GameStop Corporation ("GameStop") which resulted from criminals accessing its computer systems (the "Security Incident"). The Security Incident happened between August 10, 2016 and February 9, 2017, and potentially resulted in unauthorized access to customer payment card data and other personally identifying information. GameStop denies all of the claims and says it did not do anything wrong.

WHO IS INCLUDED? **You received this email because GameStop records show you are a likely member of the Settlement Class.** The Settlement Class includes all persons residing in the United States who used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

SETTLEMENT BENEFITS. The Settlement provides two types of payments to people who submit valid claims: 1) Reimbursement of up to $235 for out-of-pocket expenses and documented lost time that resulted from the Security Incident; and 2) Reimbursement of up to $10,000 for extraordinary expenses which were more likely than not caused by the Security Incident.

THE ONLY WAY TO RECEIVE A BENEFIT IS TO FILE A CLAIM. To get a Claim Form, visit the website or call 1-XXX-XXX-XXXX. The claim deadline is **Month Day, 2018**.

OTHER OPTIONS. If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue GameStop for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2018**. If you stay in the Settlement, you may object to it by **Month Day, 2018**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On **Month Day, 2018**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees and reasonable costs of $557,500, and an incentive award of $3,750 for each of the Representative Plaintiffs. The Motion for attorneys' fees will be posted on the website after they are filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. Detailed information is available at the website here or by calling toll-free at 1-XXX-XXX-XXXX.

# EXHIBIT D

## CLAIM FORM

This claim form should be filled out online or submitted by mail if you used (or attempted to use) a credit or debit card to pay for online purchases of video gaming devices and/or accessories from GameStop on www.gamestop.com between August 10, 2016 and February 9, 2017, and you had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the GameStop Security Incident.  You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options.  Please visit the official settlement administration website, www._____.com, or call 1-_____ for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below.  Please print clearly in blue or black ink.  This claim form must be mailed and postmarked by _____, **2018**.

### 1. CLASS MEMBER INFORMATION.

Name *(REQUIRED)*:  _____

_____
*Number and Street (REQUIRED)*

_____
*City (REQUIRED)*                                    *State (REQUIRED)*              *Zip Code (REQUIRED)*

Telephone Number *(REQUIRED)*: (_____) _____ Email Address (optional)_____

### 2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and sections 2.1 through 2.2 of the Settlement Agreement (available at www._____.com) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Check the box for each category of out-of-pocket expenses, fraudulent charges, or lost time that you had to pay as a result of the GameStop Security Incident.  Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in **bold type** (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

     <u>a. Ordinary Expenses Resulting from the Security Incident:</u>

_____ Fees or other charges from your bank or credit card company due to fraudulent activity on your card.

     Examples - Overdraft fees, over-the-limit fees, late fees, or charges due to insufficient funds or interest.

     Total amount for this category $_____

     ***Attach a copy of a bank or credit card statement or other proof of the fees or charges.***

     You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Fees or charges relating to the reissuance of your credit or debit card.

     Examples – Fees that your bank charged you because you requested a new credit or debit card.

     Total amount for this category $_____

     ***Attach a copy of a bank or credit card statement or other receipt showing these fees.***

1

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Fees relating to your account being frozen or unavailable.

Examples - You were charged a late fee or interest by another company because your payment was declined. You had to pay a fee for a money order or other form of alternative payment because you could not use your debit or credit card.

Total amount for this category $_____

***Attach a copy of receipts, bank or credit card statements, or other proof that you had to pay these expenses.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Other incidental telephone, internet, or postage expenses directly related to the Security Incident.

Examples - Long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used)

Total amount for this category $_____

***Attach a copy of the bill from your telephone or mobile phone company or internet service provider that shows the charges.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Credit reports, identity theft insurance, or credit monitoring charges.

Examples – The cost of a credit report, identity theft insurance, or credit monitoring services that you purchased after hearing about the GameStop Security Incident.

Total amount for this category $_____

***Attach a copy of a receipt or other proof of purchase for each credit report or product purchased.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Between one and three hours of documented time spent dealing with replacement card issues or in reversing fraudulent charges that occurred as a result of the Security Incident.

Examples – You spent at least one full hour calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed.  Please note that the time that it takes to fill out this Claim Form is not reimbursable and should not be included in the total.

Total number of hours claimed _____

***If the time was spent online or on the telephone, briefly describe what you did, or attach a copy of any letters or emails you wrote.  If the time was spent trying to reverse fraudulent charges, briefly describe what you did.  If the time was spent updating accounts due to your card being reissued, identify the other accounts that had to be updated.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____

_____

_____

2

b. Reimbursed Fraudulent Charges

_____ Did you also have fraudulent charges to a debit or credit card account that were reversed or repaid?  (If so, in addition to your out-of-pocket expenses, you are eligible to claim a $22 cash payment for each debit or credit card on which fraudulent charges were made and reversed or repaid, to compensate you for lost time associated with seeking reimbursement for the fraud.  *See* Section 2.1 of the Settlement Agreement.)

If so, how many cards had fraudulent charges that were reversed or repaid? _____

**For each card, provide a card statement or other documentation showing:**

**1) One or more fraudulent charges were posted to your account that you believe were caused by the GameStop Security Incident; and**

**2) The charges were later reversed or reimbursed by the bank or credit card company.**

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

c. Extraordinary Expenses

\_\_\_\_\_ Unreimbursed fraudulent charges.

Examples – Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company.  *Note, most banks are required to reimburse customers in full for fraudulent charges on payment cards that they issue.*

Total amount for this category $_____

***Attach a copy of statements that show the fraudulent charges and any correspondence showing that you reported the charges as fraudulent.  If you do not have anything in writing, tell us the approximate date that you reported and to whom you reported the fraudulent charge.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

**Date reported** _____

**Description of the person(s) to whom you reported the fraud**
_____
_____

☐ **Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for these fraudulent charges.**

_____ Other unreimbursed out-of-pocket expenses that happened because of the GameStop Security Incident that are not accounted for in your responses above.

Examples – This category includes any other unreimbursed expenses or charges that are not otherwise accounted for in your answers to the questions above, including any expenses or charges that you believe were the result of an act of identity theft.

Total amount for this category $_____

**Describe the expense, why you believe that they are related to the GameStop Security Incident, and provide as much detail as possible about the date you incurred these expenses and the company or person to whom you had to pay them.  Please provide copies of any receipts, police reports, or other documentation supporting your claim.  The settlement administrator may contact you for additional information before processing your claim.**

3

_____

_____

_____

□ **Check this box to confirm that you have exhausted all credit monitoring insurance and identity theft insurance you might have for these out-of-pocket expenses before submitting this Claim.**

**3. SIGN AND DATE YOUR CLAIM FORM.**

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator or Claims Referee before my claim will be considered complete and valid.

_____    _____    _____/____/_____
*Signature*                                              *Print Name*                                      *Month/Day/Year*

**4. MAIL YOUR CLAIM FORM.**

This claim form must be postmarked by _____, **2018** and mailed to:

GameStop Settlement Claims, c/o _____

4

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO. 1:17-cv-01365-JEJ |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CLASS ACTION |
| GAMESTOP CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL
## OF THE CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed application requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Crystal Bray and Samuel Cook (hereinafter "Plaintiffs") and Defendant GameStop Corporation (hereinafter "Defendant"), as fair, reasonable and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding an incentive payment to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the application for final approval of the settlement, an award of attorneys' fees and costs, and an incentive award to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS, THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS, THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining

1

whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ORDERED** that:

1.      The settlement involves allegations in Plaintiffs' Class Action Complaint and Jury Demand against Defendant for failure to implement or maintain adequate data security measures for customer information, including Card Information, directly and proximately caused injuries to Plaintiffs and the Class.

2.      The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      On _____ the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Class Representatives, and appointing Co-Lead Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing.

5.      In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons residing in the United States who used a credit, debit, or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

Excluded from the Settlement Class are Defendant and its officers, directors, management, employees, predecessors-in-interest, successors-in-interest, assignees or affiliates, and subsidiaries, and the Judge(s) assigned to this case.

6.     The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

7.     The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

A.     Defendant to institute a Settlement Claims Process as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

B.     Defendant to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, emailing and mailing notice, and preparing and mailing checks.

C.     Defendant to pay the reasonable attorneys' fees of Class Counsel.

D.     Class Counsel to pay incentive awards of $3,750 per Class Representative.

8.     The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court.  The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

9.     Notice of the Final Approval Hearing, the application for counsel fees and costs, and the proposed payments to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court by Defendant.

10.    The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

11.    As of the Opt-Out deadline, _____ potential settlement class members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12.    The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.    Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

14.    Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all claims and causes of action including, without limitation, any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; violations of the Indiana, North Carolina and similar state consumer protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data

4

or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

15.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $3,750 each as an incentive payment for their efforts on behalf of the Settlement Class.  Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

16.     The Court has appointed Benjamin Johns of Chimicles & Tikellis LLP and Cornelius P. Dukelow of Abington Cole + Ellery as Class Counsel.

17.     The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees and costs in the amount of $557,500. Payment shall be made pursuant to the terms of the Settlement Agreement.

18.     This Order resolves all claims against all parties in this action and is a final order.

19.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.


_____ day of _____, 2018          _____
                                        Honorable John E. Jones III
                                        United States District Judge