## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO. 1:17-cv-01365-JEJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| GAMESTOP CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

Robert J. Kriner, Jr. (DE Bar No. 2546)
Vera G. Belger (DE Bar No. 5676)
**CHIMICLES & TIKELLIS LLP**
222 Delaware Ave, Suite 1100
Wilmington, DE 19801
(302) 656-2500
rjk@chimicles.com
vgb@chimicles.com

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
bfj@chimicles.com
awf@chimicles.com

Cornelius P. Dukelow
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

*Attorneys for Plaintiffs Crystal Bray and Samuel Cook*

**TABLE OF CONTENTS**

RELEVANT FACTUAL BACKGROUND................................................................1

I.      Plaintiffs' Claims ................................................................................1

II      History of the Litigation......................................................................1

        A.      The Complaint ..........................................................................1

        B.      The Motion to Dismiss Opinion ...............................................2

III.    Settlement Negotiations .......................................................................3

IV.     The Proposed Settlement .....................................................................3

        A.      The Settlement Class.................................................................4

        B.      Compensation to Class Members...............................................4

        C.      Notification to Settlement Class Members ...............................5

        D.      Plaintiffs' Incentive Awards and Attorneys' Fees ...................6

ARGUMENT ..............................................................................................................6

I.      THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT ..............6

        A.      The Settlement Falls within the Range of Possible Approval .................................6

                1.      The Proposed Settlement Is the
                        Product of Arm's Length Negotiation ........................8

                2.      Plaintiffs' Counsel Engaged in Sufficient Investigation
                        and Discovery to Make an Informed Judgment Concerning
                        the Merits of their Claims ...........................................8

                3.      The Proponents of the Settlement Are Highly Experienced
                        Consumer Class Action Litigators.............................10

                4.      The Settlement Amount Is Fair, Reasonable and
                        Adequate in Light of the Risks of Further Litigation ...............................10

        B.      Certification of the Proposed Settlement Class for
                Settlement Purposes Is Appropriate.......................................11

      1.      The Settlement Class Satisfies the Requirements of Rule 23(a)................11

          a.      The numerosity requirement is satisfied ........................................11

          b.      The commonality requirement is satisfied.....................................12

          c.      The typicality requirement is satisfied..........................................13

          d.      The adequacy requirement is satisfied...........................................14

      2.      The Requirements of Rule 23(b)(3) Are Satisfied....................................15

          a.      Common legal and factual questions
               predominate individual ones ............................................................15

          b.      A class action is superior to other methods of adjudication ..........16

C.      The Proposed Plan of Notice Should Be Approved.................................................17

D.      A Final Approval Hearing Should Be Scheduled ..................................................18

CONCLUSION...................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Alves v. Main*,
  No. 01-cv-789 (DMC), 2012 WL 6043272 (D.N.J. Dec. 4, 2012)......................................8, 10

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)........................................................................................11, 15

*In re Auto. Refinishing Paint Antitrust Litig.*,
  MDL No. 1426, 2004 U.S. Dist. LEXIS 29163 (E.D. Pa. May 11, 2004) ..............................8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...........................................................................................7

*In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*,
  No. MDL No. 1674, 2013 U.S. Dist. LEXIS 107048 (W.D. Pa. July 31, 2013).....................14

*In re Flonase Antitrust Litig.*,
  284 F.R.D. 207 (E.D. Pa. 2012)...................................................................................13

*Gates v. Rohm & Haas Co.*,
  248 F.R.D. 434 (E.D. Pa. 2008)....................................................................................7

*In re General Motors Corp.*,
  55 F.3d 768 (3d Cir. 1995)............................................................................................7

*Hammond v. Bank of N.Y. Mellon Corp.*,
  No. 08-cv-6060(RMB)(RLE), 2010 U.S. Dist. LEXIS 71996 (S.D.N.Y. June
  25, 2010) ....................................................................................................................10

*In re Heckmann Corp. Sec. Litig.*,
  No. 10–378–LPS–MPT, 2013 WL 2456104 (D. Del. June 6, 2013)......................................16

*Inmates of the Northumberland County Prison v. Reish*,
  No. 08-cv-345, 2009 WL 8670860 (M.D. Pa. Mar. 17, 2009) .................................................13

*In re Ins. Brokerage Antitrust Litig.*,
  579 F.3d 241 (3d Cir. 2009)..........................................................................................17

*Mehling v. New York Life Ins. Co.*,
  246 F.R.D. 467 (E.D. Pa. 2007).....................................................................................7

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)......................................................................................................17

*In re Nat'l Football League Players Concussion Injury Litig.*,
  775 F.3d 570 (3d Cir. 2014)...........................................................................................7

*In re OSB Antitrust Litig.*,
    No. 06-826, 2007 WL 2253425 (E.D. Pa. Aug. 3, 2007) .......................................................12

*In re Prudential Ins. Co. Sales Litig.*,
    148 F.3d 283 (3d Cir. 1998)..............................................................................................12

*Ritti v. U-Haul Int'l., Inc.*,
    05- 4182, 2006 WL 1117878 (E.D. Pa. Apr. 26, 2006)........................................................14

*Schuler v. Medicines Co.*,
    No. 14-1149 (CCC), 2016 WL 3457218 (D.N.J. Jun 23, 2016)..............................................9

*Skeway v. China Nat. Gas, Inc.*,
    304 F.R.D. 467 (D. Del. 2014) .........................................................................................15

*Smith v. Prof'l Billing & Mgmt. Servs., Inc.*,
    No. 06-cv-4453 (JEI), 2007 WL 4191749 (D.N.J. Nov. 21, 2007) .........................................7

*Sullivan v. DB Invs., Inc.*,
    667 F.3d 273 (3d Cir. 2011)..............................................................................................17

*Twigg v. Sears, Roebuck & Co.*,
    153 F.3d 1222 (11th Cir. 1998) ........................................................................................17

*Varacallo v. Massachusetts Mut. Life Ins. Co.*,
    226 F.R.D. 207 (D.N.J. 2005)............................................................................................7

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)...............................................................................................12, 13

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)...........................................................................................6, 9

## STATUTES

28 U.S.C. § 1715(b) ...............................................................................................................19

## OTHER AUTHORITIES

FED. R. CIV. P. 9(b) ................................................................................................................2

FED. R. CIV. P. 23, *et seq.*............................................................................................. *passim*

Plaintiffs Crystal Bray and Samuel Cook ("Plaintiffs") submit this Memorandum of Law in support of their Unopposed Motion for Preliminary Approval of the Class Action Settlement with Defendant GameStop Corporation ("Defendant" or "GameStop"). This motion, if approved by the Court, will provide immediate and significant benefits to all persons affected by the Data Breach and result in the dismissal of this case with prejudice.

As detailed below, the Court should preliminarily approve the Settlement because it incorporates fair, reasonable, and adequate relief for the Class, includes a comprehensive Notice Plan that is the best means of providing notice under the circumstances, and more than satisfies the requirements of FED. R. CIV. P. 23(e). Defendant does not oppose the relief requested in this motion.

<strong><u>RELEVANT FACTUAL BACKGROUND</u></strong>

## I.     <u>Plaintiffs' Claims</u>

Plaintiffs are consumers whose personal and non-public information, including their names, addresses, and credit card and debit card numbers, expiration dates, and other information was compromised in a massive security breach of Defendant's computer servers beginning on or around August 10, 2016 and lasting until February 9, 2017 (the "Data Breach").

## II     <u>History of the Litigation</u>

### A.     <u>The Complaint</u>

Plaintiffs filed their lawsuit on September 29, 2017. D.I. #1. The Complaint alleged that GameStop failed to implement adequate security measures to protect the confidential payment card data entrusted to it by its online customers. *Id.* It alleged, *inter alia*, that the victims of the Data Breach have had their payment card information compromised, were exposed to fraud and identity theft, were exposed the increased risk of fraud, lost control over their personal

information, and have spent multiple hours attempting to address and mitigate the fallout of resulting fraud. *Id.*

Plaintiffs alleged that in the wake of the breach, GameStop failed to make meaningful assistance available to its customers, such as fraud insurance or credit monitoring. *Id.* The Complaint sought to represent a class consisting of all GameStop customers who used a credit or debit card to place (or attempt to place) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017. *Id.*

### B.      The Motion to Dismiss Opinion

On December 15, 2017, GameStop responded to the Complaint by filing a motion that sought to dismiss the case in its entirety. D.I. #24-25. After the motion was fully briefed by the parties, the Court issued a Memorandum & Order on March 16, 2018 that granted in part and denied in part GameStop's motion to dismiss. D.I. #36. Specifically, the Court dismissed Plaintiffs' negligence-based claims and breach of express contract claim. *Id.* However, the Court rejected GameStop's argument that Plaintiffs had failed to allege any cognizable injury or damages sufficient to support their common law claims. *Id.* Notably, the Court concluded that the Complaint stated a claim under Fed. R. Civ. P. 9(b)'s heightened pleading standard and allowed for a fair inference that GameStop's omissions and representations were unfair, abusive, or deceptive. *Id.* Accordingly, the Court sustained Plaintiffs' claims for breach of implied contract and unjust enrichment. *Id.* The Court also denied GameStop's Motion to Dismiss directed to the Indiana and North Carolina consumer protection statutes. *Id.*

GameStop filed an Answer to the Complaint on March 30.  D.I. #39.

### III.   <u>Settlement Negotiations</u>

All negotiations regarding settlement in this case have been conducted at arm's length, in good faith, and absolutely free of any collusion. Declaration of Benjamin F. Johns In Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement ("Johns Decl.") at ¶¶ 7-17, attached to the Motion as Exhibit 2.

Prior to the Court's March 16 decision, the parties commenced discussions regarding the possibility of reaching a negotiated settlement on behalf of Plaintiffs and the Class. *Id.* ¶ 8. Plaintiffs' counsel sent a written settlement demand on January 9, 2018. *Id.* ¶ 9. On February 23, 2018, defense counsel sent a settlement counterproposal. *Id.* ¶ 10. Thereafter, the parties agreed to seek the aid of a private mediator to continue settlement negotiations. *Id.* ¶ 11.

On May 2, 2018, the parties engaged in a full-day mediation session with private mediator Bennett Picker of Stradley Ronon Stevens & Young LLP in Philadelphia. *Id.* ¶ 14. With the assistance of the mediator, the parties reached agreement on the material terms of the settlement. *Id.* ¶ 15. At the end of the day, after being unable to reach agreement on the amount of Plaintiffs' attorneys' fees and expenses, Mr. Picker submitted a double-blind mediator's proposal, which was ultimately accepted by both sides. *Id.* ¶¶ 15-16.

## IV.   <u>The Proposed Settlement</u>

As discussed in more detail below, the Settlement provides for cash payments to Class Members for a variety of expenses incurred due to the Data Breach. Settlement Agreement [hereinafter SA] at ¶¶ 2.1-2.2. In addition, as part of settlement negotiations, GameStop made certain representations to Plaintiffs' counsel regarding the measures taken following the breach to increase GameStop's data security measures and consumer information protection procedures. *Id.* at ¶ 2.3; Johns Decl. at ¶ 17. Plaintiffs' counsel performed confirmatory discovery to verify these measures. SA at ¶ 2.3; Johns Decl. at ¶ 17.

In exchange for this consideration, Plaintiffs agree to provide Defendant with a release of claims relating in any way to the alleged conduct that gave rise to this action. SA at ¶ 6. Final approval of the Settlement will also result in the dismissal with prejudice of Plaintiffs' claims against Defendant. *Id*. at ¶ 4.

### A.       The Settlement Class

The proposed settlement class (the "Settlement Class") is defined as:

> All persons residing in the United States who used a credit, debit, or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

*Id*. at ¶ 1.25.

### B.       Compensation to Class Members

As more fully explained in the Settlement Agreement, all Class Members who submit a valid claim during the claim period (which will run until 120 days following commencement of the notice program) will be entitled to expense reimbursement of up to $235 for the following categories of potential expenses incurred as a result of the Data Breach:

- between one and three hours of documented lost time spent dealing with replacement card issues or in reversing fraudulent charges (calculated at the rate of $15 per hour);

- a $22 payment for each card on which documented fraudulent charges were incurred, even if they were later reimbursed;

- costs of credit report(s) purchased by Settlement Class Members between June 2, 2017 and the date of the Preliminary Approval Order;

- costs of credit monitoring and identity theft protection (not to exceed $120) purchased by Settlement Class Members between March 16, 2017 and 120 days after the first date of publication of notice; and

- miscellaneous other specified expenses (i.e., unreimbursed charges from banks or credit card companies, bank fees, card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, and/or over-limit fees; long distance telephone charges; cell minutes, Internet usage charges, and text messages; postage; interest on payday loans due to card cancelation or due to over-limit situation).

SA at ¶ 2.1.

Any Class Members who experienced extraordinary expenses will be eligible for reimbursement in the amount up to $10,000 per claim. *Id.* at ¶ 2.2.

In addition and separate from any payment to Class Members under the provisions described above, Defendants shall pay any and all notice and administration costs associated with the settlement.  *Id*. at ¶ 2.4.5.

## C.      Notification to Settlement Class Members

The Declaration of Joseph F. Mahan, which is attached as Exhibit 3 to the Motion, sets forth the proposed notice program (the "Notice Plan") relating to the Settlement. The Notice Plan was designed to reach the greatest practicable number of members of the Settlement Class. *See* Declaration of Joseph F. Mahan In Support of Proposed Class Notice at ¶¶ 5-9.

The Notice Plan has direct email and direct mail components intended to reach potential Class Members. *Id*.  Direct notice will be emailed to all Class Members for whom GameStop has an email address on file, which is the case for the large majority of Class Members.  *Id*. ¶ 5. For those Class Members for whom GameStop does not have an email address on file, direct mail notices will be utilized.  *Id*. ¶¶ 8-9.

Copies of the proposed Class Notice are attached to the Johns Declaration as Exhibits A, B, and C.  These notice forms are designed to be easily understood and include information concerning: the  nature of the action and Plaintiffs' claims; the definition of the Settlement Class; the class claims,  issues, or defenses; that a Class Member may object to the Settlement Agreement; that any Settlement Member may appear in the action and be heard; that the Court will exclude  from the Class any  member who requests exclusion and the time and  manner of  requesting  exclusion; the binding effect of a class judgment on members of the

Class, as well as a toll-free number and web address to obtain more information and file a claim. Exs. A, B, and C to Johns Decl.

### D.    Plaintiffs' Incentive Awards and Attorneys' Fees

As noted above, the Parties did not discuss the payment of attorneys' fees, costs, expenses and/or incentive award to the Class Representatives until after the substantive terms of the settlement had been agreed upon. Johns Decl. at ¶ 15-16; *see also* SA at ¶ 7.1.

Only after reaching agreement on all substantive terms did GameStop and Plaintiffs' counsel reach agreement that Defendant would pay (subject to Court approval) Plaintiffs' attorneys' fees and costs in the amount of $557,500 and incentive awards to the Class Representatives in the amount of $3,750 each. SA at ¶¶ 7.2, 7.4. Payment of Plaintiffs' attorneys' fees and the incentive awards is to be separate from any and all class-wide compensation Class Members are entitled to under the Settlement Agreement and will not diminish or alter the benefits Class Members are entitled to in any way. *Id.* at ¶¶ 7.2-7.4.

## ARGUMENT

## I.    THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

### A.    The Settlement Falls within the Range of Possible Approval.

The Third Circuit has stated that "there is an overriding public interest in settling class action litigation, and it should therefore be encouraged." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004).

Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must obtain the Court's approval. *See* FED. R. CIV. P. 23(e). If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or present other obvious deficiencies, and appears to fall within the range of possible approval, the court

should grant preliminary approval and direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. *See In re Nat'l Football League Players Concussion Injury Litig.*, 775 F.3d 570, 581-83 (3d Cir. 2014) (citing MCL § 21.632 (4th ed. 2004)).

A court's review for preliminary approval is less stringent than for final approval. *See Mehling v. New York Life Ins. Co.,* 246 F.R.D. 467, 472 (E.D. Pa. 2007). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Prof'l Billing & Mgmt. Servs., Inc.*, No. 06-cv-4453 (JEI), 2007 WL 4191749, at *1 (D.N.J. Nov. 21, 2007); *see also In re General Motors Corp.*, 55 F.3d 768, 785 (3d Cir. 1995) (holding that the "preliminary determination establishes an initial presumption of fairness"); *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 444 n.7 (E.D. Pa. 2008) ("At the preliminary approval stage, however, the Court need not address [the *Girsh*] factors, as the standard for preliminary approval is far less demanding.").

Courts have applied an initial presumption of fairness where: (1) a proposed settlement was negotiated at arm's length; (2) there was sufficient discovery; and (3) counsel is experienced in similar litigation. *In re General Motors Corp.*, 55 F.3d at 786; *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n.18 (3d Cir. 2001); *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 235 (D.N.J. 2005). As discussed below, each of these factors supports the preliminary approval of this settlement.

### 1.      The Proposed Settlement Is the Product of Arm's Length Negotiation.

The negotiations in this matter occurred at arm's length. Settlements negotiated by experienced counsel that result from arm's length negotiations are entitled to deference. *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2004 U.S. Dist. LEXIS 29163, at *6-7 (E.D. Pa. May 11, 2004). This deference reflects the understanding that vigorous negotiations between seasoned counsel protect against collusion and advance the fairness consideration of Rule 23(e). The parties reached an agreement on all material terms after months of negotiation, culminating with an all-day mediation on May 2, 2018. Johns Decl. at ¶¶ 7-16. The parties ultimately accepted the mediators' proposal regarding the amount of Plaintiffs attorneys' fees after they were unable to reach agreement on their own. *Id.* at ¶ 16. The arm's-length nature of the settlement negotiations and the involvement of an experienced mediator like Mr. Picker supports the conclusion that the Settlement was achieved free of collusion, and merits preliminary approval. *See Alves v. Main*, No. 01-cv-789 (DMC), 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012) (internal quotations omitted) ("The participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties.").

> ### 2. Plaintiffs' Counsel Engaged in Sufficient Investigation and Discovery to Make an Informed Judgment Concerning the Merits of their Claims.

The stage of the proceedings and the amount of discovery completed at the time of settlement is relevant to the parties' knowledge of the strengths and weaknesses of the claims in the case, and consequently affects the determination of the settlement's fairness. "Through this lens, courts can determine whether counsel had an adequate appreciation of the merits of the case before negotiating." *Warfarin*, 391 F.3d at 537 (citation omitted).

8

Class Counsel here had a deep appreciation of the merits before reaching the proposed settlement. D.I. #10-11. The Parties and their counsel were knowledgeable about the strengths and weaknesses of the case prior to reaching the agreement to settle. *Id.* Among other things, lead Plaintiffs: (i) conducted an extensive investigation prior to filing the Complaint; (ii) briefed Defendant's motion to dismiss; (iii) served formal, written discovery requests on GameStop; (iv) reviewed and analyzed information provided by GameStop in response to Plaintiffs' request in advance of the mediation; (v) reviewed and analyzed documents relating to GameStop's available insurance coverage and an a formal investigatory report produced by Defendant relating to the Data Breach; and (vi) participated in a mediation process that provided lead Plaintiffs with a thorough understanding of Defendant's arguments on liability and damages. *Id.*

Class Counsel had also completed full briefing on a motion to dismiss, and overcame GameStop's motion with respect to many claims. Johns Decl. at ¶¶ 5-6, 8-11, 14. The motion to dismiss opinion had the added benefit of providing both parties with insight on the Court's view of the risks and issues faced by both parties.  This universe provided a sufficient basis for Plaintiffs' counsel to conclude that the settlement was in the best interests of Plaintiffs and the Class. *See, e.g., Schuler v. Medicines Co.*, No. 14-1149 (CCC), 2016 WL 3457218, at *7 (D.N.J. Jun 23, 2016) (noting that "[a]lthough there has been no formal discovery, Lead Counsel had ample information to evaluate the prospects for the Class and to assess the fairness of the Settlement" and had reviewed publicly-available information, conducted an extensive investigation, consulted with an expert, drafted the initial and amended complaints, briefed an opposition to defendants' motion to dismiss, and engaged in mediation).

> **3.    The Proponents of the Settlement Are Highly Experienced Consumer Class Action Litigators.**

The Court previously appointed Chimicles & Tikellis LLP and Abington Cole + Ellery as Interim Co-Lead Class Counsel this matter. *See* Docket Entry No. 14.  Both firms submit that the settlement is in the best interest of Plaintiffs and the Class, and also respectfully submit that their judgment in this regard should be given weight. *See Alves*, 2012 WL 6043272, at *22 ("[C]ourts in this Circuit traditionally attribute significant weight to the belief of experienced counsel that settlement is in the best interest of the class." (internal quotations omitted)). As such, this factor also supports preliminary approval.

### 4.     The Settlement Amount Is Fair, Reasonable and Adequate in Light of the Risks of Further Litigation.

The proposed Settlement is a claims-made settlement that will confer a significant benefit to Class Members. Plaintiffs and Class Counsel recognize the expense and length of continued proceedings necessary to prosecute the litigation against GameStop through motion practice, discovery, trial, and potential appeals. Class Counsel believe that the claims asserted in the litigation have merit. However, Class Counsel have taken into account the uncertain outcome and the risk of further litigation.[1] GameStop denies the claims and contentions alleged against it in this litigation, and it has additional defenses (such as those going to class certification) that have not yet been resolved by the Court.

It is almost assured that any future decisions on the merits would be appealed, which would then cause further delay.  In contrast, the Settlement will promptly make available significant benefits for the members of Settlement Class. Due to the significant risks in this

---

[1] While the Court denied GameStop's motion to dismiss in large part, Plaintiffs recognize that there are significant risks associated with obtaining class certification and prevailing on a motion for summary judgment. *See Hammond v. Bank of N.Y. Mellon Corp*., No. 08-cv-6060(RMB)(RLE), 2010 U.S. Dist. LEXIS 71996, at *6 (S.D.N.Y. June 25, 2010) (granting defendant's motion for summary judgment in a consumer data breach case).

litigation and the uncertainty of prevailing on the merits and of establishing damages, this factor favors preliminary approval of the Settlement Agreement.

**B.** **Certification of the Proposed Settlement Class for Settlement Purposes Is Appropriate.**

In granting preliminary settlement approval, the Court should also certify the Settlement Class for purposes of the Settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Courts have long acknowledged the propriety of a settlement class. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-22 (1997). A settlement class, like other certified classes, must satisfy all the requirements of Rules 23(a) and (b), although the manageability concerns of Rule 23(b)(3) are not at issue. *See id.* at 593. As demonstrated below, the proposed Settlement Class satisfies all of the requirements of Rule 23(a) and Rule 23(b)(3).

**1.** **The Settlement Class Satisfies the Requirements of Rule 23(a)**

Certification is appropriate under Rule 23(a) if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a); *see also Amchem*, 521 U.S. at 613. As discussed below, the proposed settlement class meets each of these requirements.

**a.** **The numerosity requirement is satisfied.**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "Generally, if the named plaintiff demonstrates the potential number of plaintiffs exceeds 40, the numerosity requirement of Rule 23(a) has been met." *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253425, at *3 (E.D. Pa. Aug. 3,

2007).Here, the numerosity requirement is plainly satisfied as approximately 1.3 million debit and credit cards were compromised by the Data Breach.

### b.  The commonality requirement is satisfied.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "A finding of commonality does not require that all class members share identical claims, and factual differences among the claims of the putative class members do not defeat certification." *In re Prudential Ins. Co. Sales Litig.*, 148 F.3d 283, 310 (3d Cir. 1998). The Supreme Court has stated that Rule 23(a)(2)'s commonality requirement is satisfied where the plaintiffs assert claims that "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011).  In this case, there are myriad common questions of law and fact, including, *inter alia*, whether GameStop owed a duty to Plaintiffs and members of the Class to adequately protect their Card Information and to provide timely and accurate notice of the Data Breach to Plaintiffs and the Class; whether GameStop breached these duties; whether GameStop violated federal and state laws; whether GameStop knew or should have known that its computer and network systems were vulnerable to attack from hackers; whether GameStop's conduct, including its failure to act, was the proximate cause of the breach of its computer and network systems resulting in the loss of customers' Card Information; whether GameStop wrongfully failed to inform Plaintiffs and members of the Class that it did not maintain security procedures sufficient to reasonably safeguard their financial and personal data; whether GameStop has taken adequate preventive measures to ensure the Plaintiffs and Class Members will not experience further harm; whether  Plaintiffs and members of the Class

suffered injury as a proximate result of GameStop's conduct or failure to act; and whether

Plaintiffs and the Class are entitled to recover damages and other relief from GameStop.

Resolving the allegations surrounding Defendant's alleged conduct relating to the Data

Breach will resolve issues that are "central to the validity of each of the claims in one stroke."

*Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551. Commonality is therefore satisfied.

### c.  The typicality requirement is satisfied.

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of

other class members. FED. R. CIV. P. 23(a)(3). "If the claims of the named plaintiffs and class

members involve the same conduct by the defendant, typicality is established." *Inmates of the*

*Northumberland County Prison v. Reish*, No. 08-cv-345, 2009 WL 8670860, at *19 (M.D. Pa.

Mar. 17, 2009) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154,

183-84 (3d Cir. 2001)).

Here, the Plaintiffs' and Class Members' claims all arise from the same Data Breach and

same alleged course of conduct by Defendant. Plaintiffs allege that Defendant's conduct was

uniform as to each Class Member, and all members of the proposed class seek to recover for the

resulting injury based on the same legal theories. *See, e.g., In re Flonase Antitrust Litig.,* 284

F.R.D. 207, 218 (E.D. Pa. 2012) (typicality requirement satisfied where plaintiffs and all

members of the proposed class seek to recover for uniform conduct based upon the same legal

theories). The typicality requirement is therefore satisfied.

### d.  The adequacy requirement is satisfied.

The final requirement of Rule 23(a) is that "the representative part[y] will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "[T]he Rule 23(a)(4) adequacy requirement 'encompasses two distinct inquiries designed to protect the interests of the absent class members: it considers whether the named plaintiffs' interests are sufficiently aligned with the absentees', and it tests the qualifications of the counsel to represent the class.'" *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, No. MDL No. 1674, 2013 U.S. Dist. LEXIS 107048, at *32 (W.D. Pa. July 31, 2013) (quoting *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 303 (3d Cir. 2005)). In addressing the adequacy of the proposed class representative(s), district courts examine whether he or she "has the ability and incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class." *Ritti v. U-Haul Int'l., Inc.*, 05-4182, 2006 WL 1117878, at *5 (E.D. Pa. Apr. 26, 2006).

Here, both of the named Plaintiffs are adequate class representatives. They made purchases on GameStop's online store during the period of the Data Breach using a payment card, had their sensitive financial information exposed as a result of and were victimized by the Data Breach, and suffered palpable fraud as a result of the Data Breach. D.I. #1. The Plaintiffs frequently communicate with their attorneys regarding the litigation, and neither has interests that are antagonistic to those of the Class. Johns. Decl. at ¶ 3.

As to Plaintiffs' Counsel, they have invested considerable time and resources into the prosecution of this action. D.I. #9-11. Plaintiffs' Counsel was able to negotiate an outstanding Settlement for the Class in this case over weeks of negotiation and as a result of an intensive, successful full-day mediation session. *See* Johns Decl. at ¶ 8-16. Moreover, this Court already

14

found Class Counsel to be qualified, as it appointed them interim Class Counsel earlier in this litigation. *Id.* at ¶ 7; D.I. #14. The adequacy requirement is, accordingly, met here.

### 2.   The Requirements of Rule 23(b)(3) Are Satisfied.

Plaintiffs also seek certification of the Settlement Class pursuant to Rule 23(b)(3). A class action seeking an award of damages is appropriate under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 475 (D. Del. 2014) (quoting FED. R. CIV. P. 23(b)(3)). When assessing predominance and superiority, the court may consider that the class will be certified for settlement purposes only, and that a showing of manageability at trial is not required. *See Amchem*, 521 U.S. at 618.

### a.   Common legal and factual questions predominate individual ones.

Under the first criterion of Rule 23(b)(3), the court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members." *Skeway*, 304 F.R.D. at 475 (quoting FED. R. CIV. P. 23(b)(3)). Plaintiffs have satisfied the predominance requirement because questions common to all Settlement Class Members substantially outweigh any possible issues that are individual to the Class Members. For example, each Settlement Class Member's relationship with GameStop is the same or substantially similar in all relevant respects to other Class Members—the Plaintiffs and each Class Member made purchases through GameStop's online store during the period of the Data Breach and had their private and sensitive financial information exposed to cyber-criminals. Here, the same alleged course of conduct by Defendant forms the basis of all Settlement Class Members' claims. As set forth above, there are numerous common issues relating to Defendant's

liability at the core of this action, which predominate over any individualized issues. The predominance requirement of Rule 23(b)(3) is therefore satisfied.

### b.  A class action is superior to other methods of adjudication.

Rule 23(b)(3) sets forth the following non-exhaustive factors to be considered in making a determination of whether class certification is the superior method of litigation: "(A) the class members' interests in individually controlling the prosecution . . . of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by . . . class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *See* FED. R. CIV. P. 23(b)(3). The superiority requirement is easily satisfied. Indeed, courts in the Third Circuit have concluded that the class action device is usually the superior method by which to redress injuries to a large number of individuals in light of, e.g., the inefficiency of multiple lawsuits and the size of individual recoveries in comparison to the costs of litigations. S*ee, e.g., In re Heckmann Corp. Sec. Litig.*, No. 10–378–LPS–MPT, 2013 WL 2456104, at \*8 (D. Del. June 6, 2013) (superiority requirement "easily satisfied" in cases where there are large numbers of potential claimants who suffer damages too small to justify a suit against a large corporate defendant) (internal quotation marks omitted).

The Settlement Agreement and Plan of Notice provide members of the Settlement Class with the ability to obtain prompt, predictable, and certain relief, and there are well-defined administrative procedures to assure due process. This includes the right of any Class Member dissatisfied with the Settlement to object to it, or to exclude themselves. The Settlement also would relieve the substantial judicial burdens that would be caused by repeated adjudication of the same issues in thousands of individualized trials against Defendant, by going forward with

this case as a class action. And because the parties seek to resolve this case through a settlement, any manageability issues that could have arisen at trial are marginalized. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 302-303 (3d Cir. 2011); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 269 (3d Cir. 2009). Finally, the complexity of the claims asserted against GameStop and the high cost of individualized litigation make it unlikely that the vast majority of Settlement Class Members would be able to obtain relief without class certification.

In sum, because the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, certification of the proposed Settlement Class is appropriate.

### C.     The Proposed Plan of Notice Should Be Approved.

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MCL, § 21.312 (internal quotation marks omitted). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To satisfy this standard, "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also* MCL, § 21.312 (listing relevant information).

The proposed Notice Program satisfies all of these criteria. The Notice will inform Settlement Class Members of the substantive terms of the Settlement, their options for opting-out

or objecting to the Settlement, and how to obtain additional information about the Settlement. *See* Exs. A, B, and C to Johns Decl.  Specifically, the Notice will advise Settlement Class Members of: (i) the pendency of the class action; (ii) the essential terms of the Settlement; and (iii) information regarding Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses. The Notice will also provide specifics on the date, time and place of the Settlement Hearing and set forth the procedures, as well as deadlines, for opting out of the Settlement Class, for objecting to the Settlement and/or the motion for attorneys' fees and reimbursement of Litigation Expenses, and for submitting a Claim Form.

**D.     A Final Approval Hearing Should Be Scheduled.**

The last step in the Settlement approval process is a Final Approval Hearing, at which the Court will hear all evidence and argument necessary to make its final evaluation of the Settlement. Proponents of the Settlement may explain the terms and conditions of the Settlement, and offer argument in support of final approval. The Court will determine at or after the Final Approval Hearing whether the Settlement should be approved; whether to enter a final order and judgment under Rule 23(e); and whether to approve Class Counsel's Fee and Costs Application and request for Service Award for the Plaintiffs. Plaintiffs request that the Court schedule the Final Approval Hearing for the earliest date convenient for the Court that is consistent with the schedule below.

Plaintiffs propose the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|-------|------|
| GameStop Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |

| | |
|---|---|
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Postmark Deadline for requests for Exclusion (Opt-Out) or Objections | 100 days after Commencement of Notice Program |
| Postmark/Filing Deadline for Filing Claims | 120 days after Commencement of Notice Program |
| Filing Motion for Attorney's Fees, Reimbursement of Expenses, and  Incentive Awards to be Filed by Class Counsel | At Least 15 days before the Objection Deadline |
| Filing Motion for Final Approval to be Filed by Class Counsel | At Least 21 days before the Final Approval Hearing |
| Final Approval Hearing | Approximately 100 days on or after the Filing of this Motion, or _____ |

## **CONCLUSION**

Based on the foregoing, Plaintiffs and Class Counsel respectfully request that the Court:

(1) grant preliminary approval to the Settlement; (2) certify for settlement purposes the proposed

Settlement Class, pursuant to Rule 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure;

(3) approve the Notice Program; (4) approve, set deadlines for, and order the opt out and

objection procedures set forth in the Agreement; (5) appoint Plaintiffs as class representatives;

(6) appoint as Class Counsel Benjamin F. Johns of Chimicles & Tikellis LLP and Cornelius

Dukelow of Abington Cole + Ellery; (7) stay the Action against GameStop pending Final

Approval of the Settlement; and (8) schedule a Final Fairness Hearing.  A proposed order has

been attached to the motion as Exhibit 4.

Dated: July 16, 2018                    Respectfully submitted,

                              By:    */s/ Robert J. Kriner, Jr.*
                                     Robert J. Kriner, Jr. (DE Bar No. 2546)
                                     Vera G. Belger (DE Bar No. 5676)
                                     **CHIMICLES & TIKELLIS LLP**
                                     222 Delaware Ave, Suite 1100
                                     Wilmington, DE 19801
                                     (302) 656-2500
                                     rjk@chimicles.com
                                     vgb@chimicles.com

                                     Benjamin F. Johns (*pro hac vice*)
                                     Andrew W. Ferich (*pro hac vice*)
                                     **CHIMICLES & TIKELLIS LLP**
                                     361 W. Lancaster Avenue
                                     Haverford, Pennsylvania 19041
                                     Tel: (610) 642-8500
                                     bfj@chimicles.com
                                     awf@chimicles.com

                                     Cornelius P. Dukelow
                                     Oklahoma Bar No. 19086
                                     **ABINGTON COLE + ELLERY**
                                     320 South Boston Avenue, Suite 1130
                                     Tulsa, Oklahoma 74103
                                     918.588.3400 (*telephone & facsimile*)
                                     cdukelow@abingtonlaw.com
                                     www.abingtonlaw.com

                                     *Attorneys for Plaintiffs*
                                     *Crystal Bray and Samuel Cook*