# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) ) | CASE NO. 1:17-cv-01365-JEJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | CLASS ACTION |
| GAMESTOP CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

This cause is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting memorandum of law, the Parties' Settlement Agreement dated July 16, 2018 (the "Settlement Agreement"), the proposed forms of notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown;

IT IS HEREBY ORDERED as follows:

**Preliminary Approval of Settlement Agreement**

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class members, Defendant GameStop Corporation ("GameStop" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

1

3. The Court finds that the proposed Settlement with GameStop set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

**Class Certification**

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons residing in the United States who used a credit, debit, or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

Excluded from the Settlement Class are Defendant and its officers, directors, management, employees, predecessors-in-interest, successors-in-interest, assignees or affiliates, and subsidiaries, and the Judge(s) assigned to this case.

5. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in FED. R. CIV. P. 23(a) and (b), are satisfied in that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d) the claims of Plaintiffs are typical of those of Settlement Class members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class;

(f) Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g) settlement of the Actions on a class action basis is superior to other means of resolving this matter.

6. The Court appoints Benjamin F. Johns of Chimicles & Tikellis LLP and Cornelius Dukelow of Abington Cole + Ellery as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court hereby appoints Plaintiffs Crystal Bray and Samuel Cook to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

8. The Court approves the Notices of Pendency and Proposed Settlement of Class Action (the "Settlement Notices"), and finds that the dissemination of the Notices substantially in the manner and form set forth in the Notice Plan attached to the Motion complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

9. The notice procedures described in the Notice Plan attached to the Motion are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement, Class Counsel shall cause the Settlement Notice attached to the Notice Plan to be emailed to each Settlement Class member, whose email address can be identified through reasonable effort, and the long form Settlement Notice to be mailed to any potential Settlement Class member for whom an email address cannot be identified; and shall cause to be published the summary notice available to the rest of the Class as stated in the proposed Notice Plan. All notices by publication shall be complete forty-five (45) days prior to the Final Approval Hearing. At least, thirty (30) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on GameStop a verification of compliance with the notice requirements.

11. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Defendant pursuant to the Settlement Agreement.

12. The notice and claim form attached to the Notice Plan satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The claim form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class member that requests one.

**Responses by Class Members and the Scheduling of a Final Approval Hearing.**

13. Settlement Class members may opt-out (the "Opt-Out Deadline") or object up to 120 days from the date on which the Notice Program commences.

14. Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel and Counsel for GameStop on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or

class, but must in each instance individually and personally execute a Request for Exclusion. All Settlement Class members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendant.

15. Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Class member objected to the Settlement and whether or not such Class member received consideration under the Settlement Agreement.

16. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on **October 25, 2018** at **10:30 a.m.**, Courtroom #2 of the U.S. Courthouse & Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania, 17108.

17. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award an incentive award to the named plaintiffs, shall also be heard at the time of the hearing.

18. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing,

that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

19. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

20. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) incentive award requests, by serving a written objection upon Class Counsel, GameStop's counsel, and the Court.

21. Any Class member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous five (5) years.

22. Objections, along with any notices of intent to appear, must be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such

Settlement Class member and each Settlement Class member must have complied with the requirements of this Order. The notice of objection shall be sent to (a) Class Counsel, (b) GameStop's counsel, and (c) the Court. Such objection shall state the name, address and telephone number of the objector, proof of class membership, and a detailed statement of each objection asserted, including the grounds for objection together with any documents such person wishes to be considered in support of the objection. No objector may appear at the hearing unless the objector indicates an intent to appear. These documents must be filed with the Clerk of the Court electronically or mailed to the following address and the Counsel listed below:

Chambers of the Honorable John E. Jones III
United States District Court
228 Walnut Street
Harrisburg, PA 17108

Plaintiffs' Counsel:

Robert J. Kriner, Jr.
Chimicles & Tikellis LLP
222 Delaware Ave, Suite 1100
Wilmington, DE 19801
(302) 656-2500
rjk@chimicles.com

Benjamin F. Johns
Andrew W. Ferich
Jessica L. Titler-Lingle
Chimicles & Tikellis LLP
One Haverford Centre
361 Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
bfj@chimicles.com
awf@chimicles.com
jt@chimicles.com

Cornelius P. Dukelow
Abington Cole + Ellery
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103

918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

Defense Counsel:

Paul Karlsgodt
Baker Hostetler
1801 California Street
Suite 4400
Denver, CO 80202
(303) 764-0600
pkarlsgodt@bakerlaw.com

Edward J. McAndrew
Evan W. Krick
Ballard Spahr LLP
919 N. Market Street
11th Floor
Wilmington, DE 19801-3034
(302) 252-4451
mcandrewe@ballardspahr.com
kricke@ballardspahr.com

23. Only Settlement Class members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) incentive award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

24. Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

25. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendant with respect to all of the Released Claims.

26. GameStop shall prepare and send, at GameStop's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for GameStop shall cooperate promptly and fully in the preparation of such notices, including providing GameStop with any and all information in their possession necessary for the preparation of these notices. GameStop shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. Defendant shall provide notice to Class Counsel and the Court of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

27. The schedule by which the events referenced above should occur is as follows:

| Event | Date |
|---|---|
| GameStop Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| GameStop Provides Notice to Class Counsel and the Court of Compliance with CAFA Requirements | Within 10 days of providing notice to Attorneys General under CAFA |
| Class Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Class Notice Program Concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Motion for Attorney's Fees, Reimbursement of Expenses, and Incentive Awards to be Filed by Class Counsel | At Least 15 days before the Objection Deadline |
| Postmark Deadline for requests for | 100 days after Commencement of Notice |

| Exclusion (Opt-Out) or Objections | Program |
|---|---|
| Postmark/Filing Deadline for Filing Claims | 120 days after Commencement of Notice Program |
| Motion for Final Approval to be Filed by Class Counsel | At Least 21 days before the Final Approval Hearing |
| Final Approval Hearing | October 25, 2018 |

**Administration of the Settlement.**

28. The Court hereby appoints the claims administrator proposed by the parties, Heffler Claims Group, (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class members; (b) disseminating notice to the Class; (c) developing a web site to enable Class members to access documents; (d) accepting and maintaining documents sent from Class members relating to claims administration; and (e) distributing settlement checks to Class members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by Defendant.

29. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendant and any other released party, and the Defendant and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These Actions shall thereupon revert

forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

30. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by GameStop as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: July 23, 2018                             s/ John E. Jones III
                                                 Hon. John E. Jones III
                                                 United States District Judge