## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO.  1:17-cv-01365-JEJ |
| | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DECLARATION OF JOSEPH F. MAHAN IN SUPPORT OF** |
| GAMESTOP CORPORATION, | ) ) | **FINAL APPROVAL** |
| Defendant. | ) ) ) | |

I, Joseph F. Mahan, declare as follows:

1.     I am a Client Services Manager for Heffler Claims Group ("Heffler") in Philadelphia, Pennsylvania.  I am over twenty-one years of age and am authorized to make this declaration on behalf of Heffler and myself.  The following statements are based on my personal knowledge and information provided by other experienced Heffler employees working under my supervision.  This declaration is being filed in support of final approval. If called as a witness I could and would testify competently thereto.

2.     Heffler has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, employment and labor, consumer, and government enforcement matters.  Heffler has provided notification and/or claims administration services in more than 1,000 cases.

3.     Heffler was appointed as the Claims Administrator to provide notification and claims administration services in this case, *Bray, et al. v. GameStop Corp. Settlement,* Case No. 17-cv-01365-JEJ, referred to herein as the "Settlement."  Heffler's duties in this Settlement have and will include: (a) preparing and sending notice under the Class Action Fairness Act 28 U.S.C. §1715(b) ("CAFA"); (b) receiving and analyzing the Class Member Data ("the Class List") from defense counsel;  (c) establishing a post office box for the receipt of mail; (d) creating a website

H0082333.

with online claim filing capabilities; (e) establishing a toll-free number; (f) preparing and sending Email Notice and Postcard Notice; (g) receiving and processing opt-outs and objections; (h) receiving and processing claim forms; and (i) such other tasks as counsel for the parties  or the Court orders Heffler to perform. Throughout its work on this case, Heffler has provided counsel with regular updates on the status of these tasks.

4.      On behalf of the Defendant, Heffler provided notice of the proposed settlement reflected in the Settlement Agreement pursuant to CAFA.  At Defense Counsel's direction, Heffler sent the CAFA Notice, attached hereto as **Exhibit A**, and an accompanying CD containing the documents required under 28 U.S.C. §1715(b)(1)-(8) to the Attorney General of the United States and 52 state Attorneys General identified in the Manifest for the CAFA Notice via First-Class Certified Mail, on July 26, 2018. To date, Heffler has not received a response to this notification.

5.      On July 26, 2018, Heffler received a data file from the Defendant containing 1,420,654 records. The data file's key components were first name, last name, email address, phone number, street address, city, state and zip code.  Heffler performed an analysis of the data and identified the following: (a) 112,904 duplicate records; (b) 16,705 foreign records and; (c) 378 records with no actionable information, resulting in a total of 1,290,667 actionable records. Of those, 1,091,192 contained a unique email address and 199,475 contained only a physical address.

6.      On August 1, 2018, Heffler obtained a post office box with the mailing address *Bray et al v. GameStop Corporation,* c/o Claims Administrator, P.O. Box 8268, Philadelphia, PA 19101-8268 in order to receive requests for exclusion, claim forms, objections, and correspondence from Class Members.

7.      In August 2018, Heffler created and is currently hosting a dedicated website entitled www.BraySecurityBreachSettlement.com.  The website went live on August 15, 2018. The website contains a summary of the Settlement, frequently asked questions, the Settlement Agreement, the Complaint, the Preliminary Approval Order, the Amended Preliminary Approval Order, the Class Notices, Claim Form, Plaintiffs' Motion for attorneys' fees and related materials, information on the claim filing/exclusion/objection deadlines and allows Class Members the

opportunity to file a claim form online. At the direction of counsel, Heffler will also be posting this declaration and Plaintiffs' motion for final approval on the settlement website after they are filed with the Court.

8.      On July 26, 2018, Heffler established and is still maintaining a toll-free number, 1-844-245-3771, for Class Members to call and obtain additional information regarding the settlement using an Interactive Voice Response ("IVR") system along with live operator support. As of December 3, 2018, 2,411 Class Members have called the IVR and 1,254 calls have been directed to a live operator.

9.      On or about July 17, 2018, Heffler received word versions of the Email Notice, Long Form Notice, Postcard Notice and Claim Form from counsel. Heffler prepared and formatted drafts of the materials that counsel reviewed and approved. True and correct copies of the Email Notice, Long Form Notice, Postcard Notice and Claim Form are attached hereto as **Exhibit B**.

10.      On August 15, 2018, Heffler caused the sending of Email Notices to the 1,091,192 email addresses on file for Class Members Of the 1,091,192 Emails sent 254,954 Emails bounced and 1,574 Class Members unsubscribed.

11.      On August 15, 2018, Heffler caused the printing and mailing of Postcard Notices to the 199,475 Class Members with only a physical address on file. In order to provide the best notice practicable, Heffler ran the data through the USPS National Change of Address ("NCOA") database and updated the data with the address changes received from NCOA.

12.      On September 26, 2018, Heffler caused the printing and mailing of Postcard Notices to the 256,258 Class Members whose initial Email Notice either bounced or unsubscribed as described in paragraph 10.

13.      As of December 3, 2018, Heffler has received 50,643 Postcard Notices returned by the USPS as undeliverable as addressed. Heffler has updated the records in the database to identify these as undeliverable. Heffler ran 45,057 undeliverable records through an address trace process through LexisNexis. The skip-tracing produced 26,039 updated addresses. Heffler has re-mailed Notices to the 26,039 updated addresses obtained from the trace process.

14.     As of December 3, 2018, Heffler, has received 1,608 notices returned by the USPS with a forwarding address. Heffler re-mailed 1,340 notices to the updated addresses provided by the USPS and will continue to re-mail as received.

15.     As of December 3, 2018, Heffler has received and processed 27 requests for exclusion from the settlement and no objections to the settlement.  The names of the individuals who requested exclusion from the settlement are attached hereto as **Exhibit C.**

16.     As of December 3, 2018, Heffler has not received any objections to the settlement.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this Declaration was executed on December 3, 2018 in Philadelphia, Pennsylvania.

JOSEPH F. MAHAN

# Exhibit A

# BakerHostetler

**Baker&Hostetler** LLP

1801 California Street
Suite 4400
Denver, Colorado 80202-2662

T  303.861.0600
F  303.861.7805
www.bakerlaw.com

**JULY 26, 2018**

Paul G. Karlsgodt
direct dial: 303.764.4013
PKarlsgodt@bakerlaw.com

VIA FIRST  CLASS CERTIFIED MAIL

To:     All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
        (see attached  distribution list)

Re:     CAFA Notice for the Proposed Settlement in *Bray, et al. v. GameStop Corp.,* Case No.
        17-cv-01365-JEJ in the United States District Court for the District of Delaware


Ladies  and Gentlemen:

        Pursuant to Section 3 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant
GameStop Corporation ("Defendant" or "GameStop") hereby notifies you of the proposed settlement
of the above-captioned action (the "Action") currently pending in the United States District Court for
the District of Delaware (the "Court").

        28 U.S.C. § 1715(b) lists eight items that must be provided to you in connection with any
proposed class action settlement.  Each of these items is addressed below:

    1.   28 U.S.C. § 1715 (b)(l) - a copy of the complaint and any materials filed with the
         complaint and any amended complaints.

         The Complaint is provided in electronic form on the enclosed CD as Exhibit A.

    2.   28 U.S.C. § 1715 (b)(2) - notice of any scheduled judicial hearing in the class action.

         On July 23, 2018, the Court granted Plaintiffs' motion for preliminary approval of the
         class action, and scheduled a final approval hearing for October 25, 2018 10:30 a.m.,
         Courtroom #2 of the U.S. Courthouse & Federal Building, 228 Walnut Street,
         Harrisburg, Pennsylvania, 17108.  A copy of the Notice of Uncontested Motion for
         Preliminary Approval and Memorandum in Support of along with the Order granting
         Preliminary Approval is provided in electronic form on the enclosed CD as Exhibit B

    3.   28 U.S.C. § 1715(b)(3) - any proposed or final notification to class members.

         A copy of the proposed Notices of settlement and Claim Form that will be provided to
         class members by email, first-class mail, and will be available on the website created
         for the administration of this matter are provided on the enclosed CD as Exhibits C-1,

*Atlanta      Chicago      Cincinnati      Cleveland      Columbus      Costa Mesa      Denver*
*Houston      Los Angeles      New York      Orlando      Philadelphia      Seattle      Washington, DC*

C-2, C-3, and C-4. The Notices describe the class member's right to exclude themselves from the class.

4.      28 U.S.C. § 1715(b)(4) - any proposed or final class action settlement.

The proposed class action settlement is set forth in the Settlement Agreement, a copy of which is provided on the enclosed CD as Exhibit D.

5.      28 U.S.C. § 1715(b)(5) - any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

There are no other settlements or other agreements between class counsel and counsel for Defendant beyond what is set forth in the Settlement Agreement.

6.      28 U.S.C. § 1715(b)(6) - any final judgment or notice of dismissal.

There has been no final judgment or notice of dismissal. A copy of the proposed Order Approving the Settlement is provided on the enclosed CD as Exhibit E.

7.      28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionte share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionte share of the claims of such members to the entire settlement.

The definition of the class in the proposed Settlement Agreement includes all persons residing in the United States who placed or attempted to place orders on GameStop's website from August 10, 2016 to February 9, 2017. A breakdown of the class is provided on the enclosed CD as Exhibit F.

8.      28 U.S.C. § 1715(b)(8) - any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

A copy of the Order granting preliminary approval of the settlement agreement is provided on the enclosed CD as Exhibit B.

If you have any questions about this notice, the Action, or the enclosed materials, please contact the undersigned counsel for Defendant listed below.

Sincerely,

Paul G. Karlsgodt

# SERVICE LIST FOR CAFA NOTICE

Steve Marshall
Alabama Attorney General
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152

Mark Brnovich
Arizona Attorney General
1275 W. Washington Street
Phoenix, AZ 85007

Xavier Becerra
California Attorney General
1300 I Street, Suite 1740
Sacramento, CA 95814

George Jepsen
Connecticut Attorney General
55 Elm St
Hartford, CT 06106

Karl Racine
District of Columbia Attorney General
441 4th Street, NW
Washington, DC 20001

Chris Carr
Georgia Attorney General
Georgia Public Service Commission
40 Capitol Square SW
Atlanta, GA 30334

Lawrence Wasden
Idaho Attorney General
Statehouse 700 W.
Jefferson Street, Suite
210, P.O. Box 83720
Boise, ID 83720-1000

Curtis Hill
Indiana Attorney General
Indiana Government Center South,
5th Floor
302 West Washington Street
Indianapolis, IN 46204

Derek Schmidt
Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597

Jahna Lindemuth
Alaska Attorney
General 1031 W. 4th
Avenue, Suite 200
Anchorage, AK 99501-1994

Leslie Rutledge
Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201-2610

Cynthia Coffman
Colorado Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

Matthew Denn
Delaware Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

Pamela Bondi
Florida Attorney General
The Capitol, PL 01
Tallahassee, FL 32399-1050

Russell Suzuki
Hawaii Attorney General
425 Queen Street
Honolulu, HI 96813

Lisa Madigan
Illinois Attorney General
James R. Thompson Ctr.
100 W. Randolph St
Chicago, IL 60601

Tom Miller
Iowa Attorney General
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

Jeff Landry
Louisiana Attorney General
P.O. Box 94095
Baton Rouge, LA 70804-4095

Brian Frosh
Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21201

Bill Schuette
Michigan Attorney General
P.O. Box 30212, 525 W. Ottawa Street
Lansing, MI 48909-0212

Jim Hood
Mississippi Attorney General
Department of Justice, P.O. Box 220
Jackson, MS 39205

Tim Fox
Montana Attorney General
Justice Building, 215 N. Sanders
Helena, MT 59620-1401

Adam Paul Laxalt
Nevada Attorney General
Old Supreme Court Building
100 N. Carson Street
Carson City, NV 89701

Gurbir S. Grewal
New Jersey Attorney General
Richard J. Hughes Justice Complex
25 Market Street P.O. Box 080
Trenton, NJ 08625

Barbara D. Underwood
New York Attorney General
Dept. of Law - The Capitol
2nd Floor
Albany, NY 12224

Andy Beshear
Kentucky Attorney General
700 Capitol Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

Janet T. Mills
Maine Attorney General
State House Station 6
Augusta, ME 04333

Maura Healey
Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108-1698

Lori Swanson
Minnesota Attorney General
State Capital 75 Dr. Martin Luther King, Jr.
Blvd., Suite 102
St. Paul, MN 55155

Josh Hawley
Missouri Attorney General
Supreme Ct. Building
207 W. High Street
Jefferson City, MO 65101

Doug Peterson
Nebraska Attorney General
State Capitol, P.O. Box 98920
Lincoln, NE 68509-8920

Gordon MacDonald
New Hampshire Attorney General
33 Capitol Street
Concord, NH 03301-2429

Hector Balderas
New Mexico Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508

Wayne Stenehjem
North Dakota Attorney General
State Capitol, 600 E. Boulevard Avenue
Bismarck, ND 58505-0040

Mike Hunter
Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Josh Shapiro
Pennsylvania Attorney General
Pennsylvania Office of Attorney General
6th Floor, Strawberry Square
Harrisburg, PA 17120

Peter Kilmartin
Rhode Island Attorney General
150 S. Main St.
Providence, RI 02903

Marty J. Jackley
South Dakota Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501

Ken Paxton
Texas Attorney General
Capitol Station
P.O.Box 12548
Austin, TX 78711

T.J Donovan
Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001

Mark Herring
Virginia Attorney General
202 North Ninth Street
Richmond, VA 23219

Patrick Morrisey
West Virginia Attorney General
State Capitol
1900 Kanawha Boulevard E. Charleston,
WV 25305

Josh Stein
North Carolina Attorney General
Dept. of Justice, P.O. Box 629
Raleigh, NC 27602-0629

Mike DeWine
State Office Tower, 30 E. Broad St.
Columbus, OH 43266-0410

Ellen F. Rosenblum
Oregon Attorney General
Justice Building, 1162 Court Street,
NE Salem, OR 97301

Alan Wilson
South Carolina Attorney General
Rembert C. Dennis Office
Building P.O. Box 11549
Columbia, SC 29211-1549

Herbert H. Slatery, III
Tennessee Attorney General
425 5th Avenue North
Nashville, TN 37243

Sean Reyes
Utah Attorney General
State Capitol, Room 236
Salt Lake City, UT 84114-0810

Peter K. Michael
Wyoming Attorney General
State Capitol Building
Cheyenne, WY 82002

Bob Ferguson
Washington Attorney General
1125 Washington Street SE, PO Box
40100
Olympia, WA 98504-0100

Brad Schimel
Wisconsin Attorney General
Wisconsin Department of
Justice State Capitol, Room 114
East
P.O. Box 7857
Madison, WI 53707-7857

Wanda Vazquez Garced
Puerto Rico Attorney General
PO Box 902192
San Juan, PR 00902

Jeff B. Sessions
Attorney General
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

# Exhibit B

From: noreply@hefflerclaims.com
To:     John Smith
Re:     Data Breach Class Action Settlement – GameStop.com Customers


# If you used a credit, debit, or other payment card to make a purchase from GameStop online, you may be eligible for a payment from a class action settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*


Class Member ID: <<refnum>>
*Retain this number.  You will need this to file a claim.*


A Settlement has been reached in a class action lawsuit concerning a cyber-attack against GameStop Corporation ("GameStop") which resulted from criminals accessing its computer systems (the "Security Incident").  The Security Incident happened between August 10, 2016 and February 9, 2017, and potentially resulted in unauthorized access to customer payment card data and other personally identifying information.  GameStop denies all of the claims and says it did not do anything wrong.

## Who Is Included?

**You received this email because GameStop records show you are a likely member of the Settlement Class**. The Settlement Class includes all persons residing in the United States who used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

## Settlement Benefits.

The Settlement provides two types of payments to people who submit valid claims: 1) Reimbursement of up to $235 for out-of-pocket expenses and documented lost time that resulted from the Security Incident; and 2) Reimbursement of up to $10,000 for extraordinary expenses which were more likely than not caused by the Security Incident.

## The Only Way To Receive A Benefit Is To File A Claim.

To get a Claim Form, visit the website www.BraySecurityBreachSettlement.com or call 1-844-245-3771.  The claim deadline is **December 13, 2018**.

## Other Options.

If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue GameStop for the claims resolved by this Settlement.  If you do not want to be legally bound by the Settlement, you must request to be excluded by **December 13, 2018**.  The court will exclude you from the Settlement if requested by that date.  If you stay in the Settlement, you may object to it by **December 13, 2018**.  A more detailed notice is available to explain how to exclude yourself or object.  Please visit the website www.BraySecurityBreachSettlement.com or call 1-844-245-3771 for a copy of the more detailed notice.  On **December 19, 2018**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees and reasonable costs of $557,500, and an Incentive Award of

$3,750 for each of the Representative Plaintiffs.  The Motion for attorneys' fees will be posted on the website after they are filed.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.    This is only a summary.    Detailed information is available at the website www.BraySecurityBreachSettlement.com or by calling toll-free at 1-844-245-3771.

Bray et al v. GameStop Corporation
c/o Claims Administrator
PO Box 8268
Philadelphia, PA 19101-8268

UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE

---

# If you purchased video gaming devices and/or accessories from GameStop online using a credit, debit, or other payment card, you may be eligible for a payment from a class action settlement.

---

*A court authorized this notice. This is not a solicitation from a lawyer.*

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

- A Settlement has been reached with GameStop Corporation ("GameStop") in a class action lawsuit about a data security incident that occurred between August 10, 2016 and February 9, 2017.

- From on or about August 10, 2016 to February 9, 2017, GameStop was the victim of a cyber-attack in which criminals accessed its computer systems (the "Security Incident"). The Security Incident potentially resulted in unauthorized access to customer payment card data and other personally identifying information. Subsequently, this lawsuit was filed asserting claims against GameStop relating to the Security Incident.

- The Settlement includes all persons residing in the United States who used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and charges that were incurred and plausibly arose from the Security Incident, and for other extraordinary unreimbursed monetary losses.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | The only way to get a payment. |
| **Ask to be Excluded** | Get no payment. The only option that allows you to sue GameStop over the claims resolved by this Settlement. |
| **Object** | Write to the Court about why you do not like the Settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

---

**What This Notice Contains**

---

**BASIC INFORMATION**.................................................................................... Page 3
1.   Why was this Notice issued?
2.   What is this lawsuit about?
3.   Why is this lawsuit a class action?
4.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**.......................................................... Page 3
5.   How do I know if I am included in the Settlement?
6.   What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ............................................................ Page 4
7.   What does the Settlement provide?
8.   What payments are available for Expense Reimbursement?
9.   What payments are available for Extraordinary Expense Reimbursement?

**HOW TO GET BENEFITS** ...................................................................... Page 5
10.  How do I get benefits?
11.  How will claims be decided?

**REMAINING IN THE SETTLEMENT** .................................................... Page 5
12.  Do I need to do anything to remain in the Settlement?
13.  What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**............................ Page 6
14.  If I exclude myself, can I get a payment from this Settlement?
15.  If I do not exclude myself, can I sue GameStop for the same thing later?
16.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ................................................ Page 6
17.  Do I have a lawyer in this case?
18.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.................................................... Page 7
19.  How do I tell the Court that I do not like the Settlement?
20.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING**.................................................... Page 8
21.  When and where will the Court decide whether to approve the Settlement?
22.  Do I have to attend the hearing?
23.  May I speak at the hearing?

**IF YOU DO NOTHING** .......................................................................... Page 8
24.  What happens if I do nothing?

**GETTING MORE INFORMATION**.......................................................... Page 9
25.  How do I get more information?

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

2

# BASIC INFORMATION

## 1.    Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement.  This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge John E. Jones, III of the United States District Court for the District of Delaware is overseeing this case. The case is known as *Bray, et al. v. GameStop Corp.*, Case No. 17-cv-01365-JEJ.  The persons who sued are called the Plaintiffs.  GameStop is called the Defendant.

## 2.    What is this lawsuit about?

The lawsuit claims that GameStop was responsible for the Security Incident that occurred and asserts claims such as: negligence, negligence per se, breach of contract, breach of implied contract, unjust enrichment and violation of the Indiana and North Carolina consumer protection statutes.  The lawsuit seeks compensation for people who had losses as a result of the Security Incident.

GameStop denies all of the Plaintiffs' claims and says it did not do anything wrong.

## 3.    Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims.  All of these people together are the "Class" or "Class Members."  In this case, the Representative Plaintiffs are Crystal Bray and Samuel Cook.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4.    Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation.  The Representative Plaintiffs and their attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members.  The Settlement does not mean that GameStop did anything wrong.

# WHO IS IN THE SETTLEMENT?

## 5.    How do I know if I am included in the Settlement?

You are included in the Settlement Class if you reside in the United States and used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

Specifically excluded from the Settlement Class are: (i) GameStop and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

3

jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contender* (a no-contest plea, while not technically a guilty plea, has the same immediate effect as a guilty plea and is often offered as part of a plea bargain) to any such charge.

## 6.    What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-844-245-3771 with questions or visit www.BraySecurityBreachSettlement.com. You may also write with questions to Bray et al v. GameStop Corporation, c/o  Claims Administrator, PO Box 8268, Philadelphia, PA 19101-8268. Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

## 7.    What does the Settlement provide?

The Settlement will provide payments to people who submit valid claims.

There are two types of payments that are available: (1) Expense Reimbursement (Question 8) and (2) Extraordinary Expense Reimbursement (Question 9).  You may submit a claim for either or both types of payments.  In order to claim each type of payment, you must provide related documentation with the Claim Form.

## 8.    What payments are available for Expense Reimbursement?

Class Members are eligible to receive reimbursement of up to $235 (in total) for the following categories of out-pocket expenses resulting from the Security Incident:

- unreimbursed bank fees;
- unreimbursed card reissuance fees;
- unreimbursed overdraft fees;
- unreimbursed charges related to unavailability of funds;
- unreimbursed late fees;
- unreimbursed over-limit fees;
- long distance telephone charges;
- cell minutes (if charged by minute);
- internet usage charges and text messages;
- unreimbursed charges from banks or credit card companies;
- postage;
- interest on payday loans due to card cancelation or due to over-limit situation;
- costs of credit report(s);
- costs of credit monitoring and identity theft protection (up to $120);
- reimbursement of up to three hours of documented lost time (at $15 per hour) spent dealing with replacement card issues or in reversing fraudulent charges (only if at least one full hour was spent)

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

4

- and an additional $22 payment for each credit or debit card on which documented fraudulent charges were incurred that were later reimbursed.

## 9.   What payments are available for Extraordinary Expense Reimbursement?

Class Members who had other extraordinary unreimbursed monetary losses because of information compromised as part of the Security Incident are eligible to make a claim for reimbursement of up to $10,000. As part of the claim, the Class Member must show that: (1) it is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the Security Incident; (3) the loss occurred during the time period from August 10, 2016 through February 9, 2017; (4) the loss is not already covered by one or more of the categories in Question 8; and (5) a reasonable effort was made to avoid or seek reimbursement for the loss (including exhaustion of all available credit monitoring insurance and identity theft insurance).

More details are provided in the Settlement Agreement, which is available at www.BraySecurityBreachSettlement.com.

# HOW TO GET BENEFITS

## 10.   How do I get benefits?

To ask for a payment, you must complete and submit a Claim Form**.**  Claim Forms are available at www.BraySecurityBreachSettlement.com, or you may request one by mail by calling 1-844-245-3771.  Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than **December 13, 2018,** to:

Bray et al v. GameStop Corporation
c/o Claims Administrator
PO Box 8268
Philadelphia, PA 19101-8268

## 11.   How will claims be decided?

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid.  The Claims Administrator may require additional information from any claimant.  If the required information is not provided timely, the claim will be considered invalid and will not be paid.

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial Claim Referee who has been appointed by the Court.

# REMAINING IN THE SETTLEMENT

## 12.   Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you want a payment you must submit a Claim Form postmarked by **December 13, 2018**.

## 13.   What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue GameStop for the claims being resolved by this Settlement. The specific claims you are giving up against GameStop are described in Section 1.20 of the Settlement Agreement. You will be "releasing" GameStop and all related people or entities as described in Section 6 of the Settlement Agreement. The Settlement Agreement is available at www.BraySecurityBreachSettlement.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in Question 17 for free or you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue GameStop about issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

## 14.   If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

## 15.   If I do not exclude myself, can I sue GameStop for the same thing later?

No. Unless you exclude yourself, you give up any right to sue GameStop for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## 16.   How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *Bray, et al. v. GameStop Corp.*, Case No. 17-cv-01365-JEJ. Include your name, address, and signature. You must mail your Exclusion Request postmarked by **December 13, 2018**, to:

GameStop Settlement Exclusions<br>
PO Box 8268<br>
Philadelphia, PA 19101-8268

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

6

# THE LAWYERS REPRESENTING YOU

## 17.   Do I have a lawyer in this case?

Yes.  The Court appointed the following lawyers as "Class Counsel": Benjamin F. Johns of Chimicles & Tikellis LLP, 361 W. Lancaster Avenue, Haverford, Pennsylvania 19041 and Cornelius P. Dukelow of Abington Cole + Ellery, 320 South Boston Avenue, Suite 1130, Tulsa, Oklahoma 74103.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 18.   How will the lawyers be paid?

Class Counsel will request the Court's approval of an award for attorneys' fees and reasonable costs and expenses of $557,500.  Class Counsel will also request approval of an incentive award of $3,750 for each of the Representative Plaintiffs.  Any amount that the Court awards for attorneys' fees, costs, expenses, and an incentive award will be paid separately by GameStop and will not reduce the amount of payments to Class Members who submit valid claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## 19.   How do I tell the Court that I do not like the Settlement?

You can object to the Settlement if you do not like it or some part of it.  The Court will consider your views. To do so, you must file a written objection in this case, *Bray, et al. v. GameStop Corp.*, Case No. 17-cv-01365-JEJ, with the Clerk of the Court at the address below.

Your objection must include all of the following: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable; (iv) the identity of all counsel representing you, if any, in connection with your objection; (v) the identity of all counsel representing you who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing; (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or representative plaintiff.

To be timely, your objection must be **postmarked** to the Clerk of the Court for the United States District Court for District of Delaware no later than **December 13, 2018**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel, postmarked no later than **December 13, 2018**:

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

7

| Court | Class Counsel | Defense Counsel |
|-------|---------------|-----------------|
| Chambers of the Honorable John E. Jones III United States District Court 228 Walnut Street Harrisburg, PA 17108 | Benjamin F. Johns Chimicles & Tikellis LLP 361 W. Lancaster Avenue Haverford, Pennsylvania 19041 | Paul G. Karlsgodt Baker & Hostetler LLP 1801 California Street Suite 4400 Denver, CO 80202 |

## 20.   What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you do not exclude yourself from the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement.

## 21.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 9:30 a.m. on **December 19, 2018**, in Courtroom #2 at the Harrisburg Federal Courthouse located at 228 Walnut St., Harrisburg, PA 17108.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.BraySecurityBreachSettlement.com or call 1-844-245-3771. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made.  The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for an incentive award for the Representative Plaintiffs.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

## 22.   Do I have to attend the hearing?

No.  Class Counsel will present the Settlement Agreement to the Court.  You or your own lawyer are welcome to attend at your expense, but you are not required to do so.  If you send an objection, you do not have to come to the Court to talk about it.  As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 19, the Court will consider it.

## 23.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file an objection according to the instructions in Question 19, including all the information required by items (v), (vi), and (vii). Your Objection must be **filed** with the Clerk of the Court for the United States District Court for District of Delaware no later than **December 13, 2018**.  In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 19, postmarked no later than **December 13, 2018**:

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

8

# IF YOU DO NOTHING

## 24.   What happens if I do nothing?

If you do nothing, you will get no benefits from this Settlement.  Unless you exclude yourself,  after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against GameStop about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 25.   How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.BraySecurityBreachSettlement.com.  You may also write with questions to Bray et al v. GameStop Corporation, c/o Claims Administrator, PO Box 8268, Philadelphia, PA 19101-8268.  You can also get a Claim Form at the website, www.BraySecurityBreachSettlement.com, or by calling the toll free number, 1-844-245-3771.

Questions? Call 1-844-245-3771 or visit www.BraySecurityBreachSettlement.com

9

Gray-v. GameStop Corporation
c/o Claims Administrator
PO Box 8268
Philadelphia, PA 19101-8268

POSTAGE

If you used a credit, debit, or other payment card to make a purchase from **GameStop** online, you may be eligible for a payment from a class action settlement.

Si desea recibir esta notificación en español, llámenos o visite nuestra página web.

<<Barcode>>

Class Member ID: <<Refnum>>

Class Member Name
Address
City, ST Zip

[BARCODE AREA]

concerning a cyber-attack against GameStop Corporation ("GameStop") which resulted from criminals accessing its computer systems (the "Security Incident"). The Security Incident happened between August 10, 2016 and February 9, 2017, and potentially resulted in unauthorized access to customer payment card data and other personally identifying information. GameStop denies all of the claims and says it did not do anything wrong.

## WHO IS INCLUDED?

**GameStop records show you are a likely member of the Settlement Class.** The Settlement Class includes all persons residing in the United States who used a credit, debit or other payment card to make (or attempt to make) a purchase on www.gamestop.com between August 10, 2016 and February 9, 2017.

## SETTLEMENT BENEFITS.

The Settlement provides two types of payments to people who submit valid claims: 1) Reimbursement of up to $235 for out-of-pocket expenses and documented lost time that resulted from the Security Incident; and 2) Reimbursement of up to $10,000 for extraordinary expenses which were more likely than not caused by the Security Incident.

## BENEFIT IS TO FILE A CLAIM.

To get a Claim Form, visit the website or call 1-844-245-3771. The claim deadline is **December 13, 2018**.

## OTHER OPTIONS.

If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue GameStop for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must request to be excluded by **December 13, 2018**. The court will exclude you from the Settlement if requested by that date. If you stay in the Settlement, you may object to it by **December 13, 2018**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call 1-844-245-3771 for a copy of the more detailed notice. On **December 19, 2018**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees and reasonable costs of $557,500, and an Incentive Award of $3,750 for each of the Representative Plaintiffs. The Motion for attorneys' fees will be posted on the website after they are filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

**www.BraySecurityBreachSettlement.com     1-844-245-3771**



_____

_____

Place

Stamp

Here

Bray et al v. GameStop Corporation
c/o Claims Administrator
PO Box 8268
Philadelphia, PA 19101-8268

<<refnum barcode>>
Class Member ID: <<refnum>>. <<Firstname>> <<LastName>>

## <u>Record Update Verification</u>

**Only complete and return this if you are updating your address.  This is NOT a claim Form. Do not return this if you will be submitting a Claim Form. If you have an address different from where this postcard was mailed to, please write your correct address below and return this portion to the address provided on the other side.**

**Name:** _____

**Address:** _____

**City:** _____

**State:** ___ ___  **ZIP:** ___ ___ ___ ___ ___ - ___ ___ ___ ___

**Country:** _____

Class Member ID: 3100300000000

| MUST BE<br>SUBMITTED<br>NO LATER THAN<br>**DECEMBER 13, 2018** | **Claim Form** | For Office Use Only |
|---|---|---|

This claim form should be filled out online or submitted by mail if you used (or attempted to use) a credit or debit card to pay for online purchases from GameStop on www.gamestop.com between August 10, 2016 and February 9, 2017, and you had out-of-pocket expenses, fraudulent charges, lost time spent dealing with fraudulent charges or card replacement issues, or unreimbursed extraordinary monetary losses as a result of the GameStop Security Incident.  You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options.  Please visit the official settlement administration website, www.BraySecurityBreachSettlement.com, or call 1-844-245-3771 for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below.  Please print clearly in blue or black ink.  This claim form must be mailed and postmarked by **December 13, 2018**.

## 1.    CLASS MEMBER INFORMATION.

**Class Member Name** *(required)*:

_____    _____    _____
*First Name*                                *M.I.*              *Last Name*

**Address** *(required)*:

**City** *(required)*:

**State** *(required)*:  ____  ____       **Zip Code** *(required)*:  ___ ___ ___ ___ ___ - ___ ___ ___ ___   *(zip4 optional)*

**Email Address** *(required)*: _____ @ _____ . ____

**Telephone Number** *(required)*:  (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

## 2.    PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and sections 2.1 through 2.2 of the Settlement Agreement (available at www.BraySecurityBreachSettlement.com) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.





Class Member ID: 3100300000000

## PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box for each category of out-of-pocket expenses, fraudulent charges, or lost time that you had to pay as a result of the GameStop Security Incident.  Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in **bold type** (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

**a.**     **Ordinary Expenses Resulting from the Security Incident:**

☐   **a.1** Fees or other charges from your bank or credit card company due to fraudulent activity on your card.

*Examples - Overdraft fees, over-the-limit fees, late fees, or charges due to insufficient funds or interest.*

Total amount for this category $_____

***Attach a copy of a bank or credit card statement or other proof of the fees or charges.***
***Do not send originals***.  *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*

☐   **a.2** Fees or charges relating to the reissuance of your credit or debit card.

*Examples – Fees that your bank charged you because you requested a new credit or debit card.*

Total amount for this category $_____

***Attach a copy of a bank or credit card statement or other receipt showing these fees.***
***Do not send originals***.  *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*

☐   **a.3** Fees relating to your account being frozen or unavailable.

*Examples - You were charged a late fee or interest by another company because your payment was declined. You had to pay a fee for a money order or other form of alternative payment because you could not use your debit or credit card.*

Total amount for this category $_____

***Attach a copy of receipts, bank or credit card statements, or other proof that you had to pay these expenses.***
***Do not send originals***.  *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*

☐   **a.4** Other incidental telephone, internet, or postage expenses directly related to the Security Incident.

*Examples - Long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used)*

Total amount for this category $_____

***Attach a copy of the bill from your telephone or mobile phone company or internet service provider that shows the charges.***
***Do not send originals***.  *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*





Class Member ID: 3100300000000

☐ **a.5** Credit reports, identity theft insurance, or credit monitoring charges.

*Examples – The cost of a credit report, identity theft insurance, or credit monitoring services that you purchased after hearing about the GameStop Security Incident.*

Total amount for this category $_____

***Attach a copy of a receipt or other proof of purchase for each credit report or product purchased.***
***Do not send originals***. *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*

☐ **a.6** Between one and three hours of documented time spent dealing with replacement card issues or in reversing fraudulent charges that occurred as a result of the Security Incident.

*Examples – You spent at least one full hour calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed. Please note that the time that it takes to fill out this Claim Form is not reimbursable and should not be included in the total.*

Total number of hours claimed _____

***If the time was spent online or on the telephone, briefly describe what you did, or attach a copy of any letters or emails you wrote. If the time was spent trying to reverse fraudulent charges, briefly describe what you did. If the time was spent updating accounts due to your card being reissued, identify the other accounts that had to be updated.***

***Do not send originals***. *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*

_____
_____
_____

## b. Reimbursed Fraudulent Charges

☐ **b.1** Did you also have fraudulent charges to a debit or credit card account that were reversed or repaid?  (If so, in addition to your out-of-pocket expenses, you are eligible to claim a $22 cash payment for each debit or credit card on which fraudulent charges were made and reversed or repaid, to compensate you for lost time associated with seeking reimbursement for the fraud. *See Section 2.1 of the Settlement Agreement.*)

If so, how many cards had fraudulent charges that were reversed or repaid? _____

***For each card, provide a card statement or other documentation showing:***
**1) One or more fraudulent charges were posted to your account that you believe were caused by the GameStop Security Incident; and**
**2) The charges were later reversed or reimbursed by the bank or credit card company.**

***Do not send originals***. *You should mark out (redact) any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*




Class Member ID: 3100300000000

## c. Extraordinary Expenses

☐ **c.1** Unreimbursed fraudulent charges.

*Examples – Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company. Note, most banks are required to reimburse customers in full for fraudulent charges on payment cards that they issue.*

Total amount for this category $_____

***Attach a copy of statements that show the fraudulent charges and any correspondence showing that you reported the charges as fraudulent. If you do not have anything in writing, tell us the approximate date that you reported and to whom you reported the fraudulent charge.***
*You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.*

Date reported _____

**Description of the person(s) to whom you reported the fraud**
_____
_____

☐ **Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for these fraudulent charges.**

☐ **c.2** Other unreimbursed out-of-pocket expenses that happened because of the GameStop Security Incident that are not accounted for in your responses above.

*Examples – This category includes any other unreimbursed expenses or charges that are not otherwise accounted for in your answers to the questions above, including any expenses or charges that you believe were the result of an act of identity theft.*

Total amount for this category $_____

***Describe the expense, why you believe that they are related to the GameStop Security Incident, and provide as much detail as possible about the date you incurred these expenses and the company or person to whom you had to pay them. Please provide copies of any receipts, police reports, or other documentation supporting your claim. The settlement administrator may contact you for additional information before processing your claim.***
_____
_____
_____
_____

☐ **Check this box to confirm that you have exhausted all credit monitoring insurance and identity theft insurance you might have for these out-of-pocket expenses before submitting this Claim.**







Class Member ID: 3100300000000

## 3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Claims Administrator or Claims Referee before my claim will be considered complete and valid.

SIGNATURE: _____   PRINTED NAME: _____

DATED:   ___ ___ / ___ ___ / ___ ___ ___ ___

## 4. MAIL YOUR CLAIM FORM.

This claim form must be postmarked by **December 13, 2018** and mailed to:

Bray et al v. GameStop Corporation
c/o Claims Administrator
PO Box 8268
Philadelphia, PA 19101-8268





Exhibit C

# Exclusion Requests

1. CHRISTOPHER BARRETT
2. CHRISTOPHER PRAGER
3. DAVID GUENTHER
4. AARON PATTILLO
5. CAROLIN GLENDENNING
6. ADAM BUGG
7. ADAM STONE
8. JOHN SAULS
9. CORY SEIDEL
10. JOHN COLLISON
11. FRANK DILUZIO
12. ELISABETH TINSLEY
13. BETTE GRANDJEAN
14. ALEXANDER KUZNETSOV
15. DIANA JOHNSON
16. BRETT KRAUSS
17. DIXIANA EYTCHISON
18. KAITLIN KROLL
19. WILLIAM FUENTES
20. OSCAR TRUJILLO
21. ROBERT TAVENNER
22. SARA GREEN
23. SARAH SCHNIPER
24. SHALLAN DE LOS SANTOS
25. STEPHEN DOAN
26. STEVEN MULLENEAUX
27. SUSIE BELOCORA