# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) CASE NO. 1:17-cv-01365-JEJ ) ) |
| Plaintiffs, | ) ) |
| v. | ) CLASS ACTION ) |
| GAMESTOP CORPORATION, | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) |

## PLAINTIFFS' RESPONSE TO THE OBJECTION OF PROFESSIONAL OBJECTOR PAMELA SWEENEY

Robert J. Kriner, Jr. (DE Bar No. 2546)
Tiffany J. Cramer (DE Bar No. 4998)
Vera G. Belger (DE Bar No. 5676)
**CHIMICLES & TIKELLIS LLP**
2711 Centerville Road, Suite 201
Wilmington, DE 19808
(302) 656-2500
rjk@chimicles.com

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
bfj@chimicles.com
awf@chimicles.com

Cornelius P. Dukelow
Oklahoma Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
cdukelow@abingtonlaw.com
www.abingtonlaw.com

*Attorneys for Plaintiffs Crystal Bray and Samuel Cook*

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. THE SWEENEY OBJECTORS AND FACTUAL BACKGROUND ........................1

III. ARGUMENT ........................................................................................................2

    A.    The Objector Is Not a Class Member and Does Not Have
           Standing to Object ...................................................................................2

    B.    The Objection Fails to Include Mandatory Information
           and is Thus Defective ...............................................................................4

         1.    The Objector failed to include information required pursuant to
                 the Settlement Notice and thus Waived Any Objection ..................4

         2.    The Objection failed to satisfy the requirements of
                 Fed.R.Civ.P. 23(e)(5) ...................................................................5

    C.    The Settlement Agreement Provides for Adequate Oversight
           Of the Settlement and Claims Process .......................................................7

    D.    The Requested Attorneys' Fee Award is Fair and Appropriate ...................8

    E.    Plaintiffs' and Their Counsel Will Make Detailed Time
           Records Available at the Final Approval Hearing ....................................10

IV. CONCLUSION ...................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Boeing Co. v. Van Gemert*,
　444 U.S. 472 (1980)............................................................................................................8

*Boone v. City of Phila.*,
　668 F. Supp. 2d 693 (E.D. Pa. 2009) ..................................................................................9

*Chapman v. Tristar Prods.*,
　No. 1:16-CV-1114, 2018 U.S. Dist. LEXIS 150153 (N.D. Ohio Sep. 4, 2018)...............2, 3

*Edwards v. National Milk Producers Federation*,
　Case No. 4:11-cv-04766-JSW, ECF No. 449 (N.D. Cal. Nov. 1, 2016) .................................4

*Friedman, et al. v. Guthy-Renker, LLC, et al.*,
　Case No. 2:14-cv-06009-ODW(AGRx), 2017 U.S. Dist. LEXIS 220559 (C.D.
　Cal. Aug. 21, 2017).............................................................................................................7

*Friedman v. Guthy-Renker, LLC*,
　Case No. 2:14-cv-06009-ODW, ECF No. 217-11 (C.D. Cal. May 1, 2017)............................4

*Gray v. BMW of N. Am., LLC*,
　Civ. No. 13-cv-3417 (WJM), 2017 U.S. Dist. LEXIS 135593 (D. N.J. Aug.
　24, 2017) .............................................................................................................................9

*In re Carrier iQ, Inc., Consumer Privacy Litig.*,
　No. 12-md-02330-EMC, 2016 U.S. Dist. LEXIS 114235 (N.D. Cal. Aug. 25,
　2016) ...................................................................................................................................2

*In re Checking Account Overdraft Litig.*,
　MDL No. 236, Case No. 09-md-02036-JLK (S.D. Fla. 2009) ...........................................2

*In re Deepwater Horizon*,
　739 F.3d 790 (5th Cir. 2014) ..............................................................................................3

*In re Hydroxycut Marketing and Sales Practices Litig.*,
　ASE NO. 09md2087 BTM (KSC)......................................................................................3

*In re Nutella Mktg. & Sales Practices Litig.*,
　589 Fed. Appx. 53 (3d Cir. 2014)........................................................................................8

*In re Polyurethane Foam Antitrust Litig.*,
　178 F. Supp. 3d 635, 639 (N.D. Ohio 2016)...................................................................1, 6

*In re Prudential*,
    148 F.3d at 341 ................................................................................................................9

*Kumar v. Salov North America Corp.*,
    Case No. 14-cv-2411, ECF No. 155 (N.D. Cal. May 1, 2017)..................................................4

*Lake Forest Partners, L.P. v. Sprint Communs. Co. L.P.*,
    Civil Action No. 2:12-cv-00999-AJS, 2013 U.S. Dist. LEXIS 84681 (W.D.
    Pa. Jun. 17, 2013).................................................................................................................8

*Larsen v. Trader Joe's Co.*,
    No. 11-cv05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014).....................................2

*Leiner v. Johnson & Johnson Consumer Companies, Inc.*,
    Case No. 15-cv-5876, ECF No. 87 (N.D. Ill. Dec. 22, 2016).....................................................4

*Linneman v. Vita-Mix Corp.*,
    No. 1:15-cv-748, 2018 U.S. Dist. LEXIS 186933 (S.D. Ohio Nov. 1, 2018) ..........................5

*Mehigan v. Ascena Retail Group Inc.*,
    Case No. 15-724, ECF No. 116 (E.D. Pa. Apr. 15, 2016) .........................................................4

*Mollicone v. Universal Handicraft*,
    Case No. 1:17-cv-21468-RNS, ECF No. 123 (S.D. Fla. July 5, 2018) ....................................4

*Rikos v. P&G*,
    No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722 (S.D. Ohio Apr. 30, 2018).................. *passim*

*Roberts v. Electrolux Home Prods., Inc.*,
    Case No. SACV12-1644(VBKx), CV13-2339-CAS(VBKx), 2014 U.S. Dist.
    LEXIS 130163 (C.D. Cal. Sept. 11, 2014) ........................................................................1, 2

*In re Schering-Plough Corp.*,
    No, 08-1432 (DMC)(JAD), 2012 U.S. Dist. LEXIS 75213 (D.N.J. May 31,
    2012) ..................................................................................................................................10

*Stinson v. City of N.Y.*,
    256 F. Supp. 3d 283 (S.D.N.Y. 2017).......................................................................................4

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
    669 F.3d 632 (5th Cir. 2012) ....................................................................................................3

**Other Authorities**

FED. R. CIV. P. 23(e)(5)................................................................................................................5, 6, 8

FED. R. CIV. P. 23(e)(5)(A) ...............................................................................................................6, 7

John M. Barkett, *The 2018 Amendments to the Federal Class Action Rule*, at 8 ............................5

## I. INTRODUCTION

While not readily apparent from the face of the objection, objector Pamela Sweeney and her husband, the disgraced lawyer Patrick Sweeney,[1] are serial objectors. As set forth in detail below, this tandem has a long history of attempting (but failing) to shake down legitimate class settlements for a payoff, and erecting roadblocks between classes and the hard-fought-for relief obtained on behalf of those classes. Their objection in this case is just another extortion attempt. For the reasons set forth below, the objection should be overruled, the settlement should be approved and the requested attorneys' fees, expenses and incentive awards should be awarded.

## II. THE SWEENEY OBJECTORS AND FACTUAL BACKGROUND

"A serial objector's 'sole purpose is to obtain a fee by objecting to whatever aspects of the [s]ettlement they can latch onto.'" *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 639 (N.D. Ohio 2016) (citation omitted). "The serial objector's ultimate goal is extortion." *Id.*

A quick glance at the Serial Objector Index webpages for the Sweeneys[2] reveals their unsavory history as professional objectors. Mr. Sweeney has been an objector, has served as a signatory in, and/or has served as attorney in objecting to dozens of class settlements. He has been recognized as a professional objector to class action settlements by a number of courts.[3]

---

[1] *See* https://madison.com/wsj/news/local/courts/middleton-lawyer-sentenced-to-probation-in-scheme-but-deserved-prison/article_4b61b52a-69ff-56c3-b8bc-792af3c23ea8.html (last visited Dec. 14, 2018).

[2] *See* Pamela Sweeney, Serial Objector Index, available at https://www.serialobjector.com/persons/154 (last visited Dec. 13, 2018); Patrick Sweeney, Serial Objector Index, available at https://www.serialobjector.com/persons/115 (last visited Dec. 13, 2018). Copies of these webpages are submitted herewith. *See* Declaration of Benjamin F. Johns ("Johns Decl.") (attached as Ex. 1), at Ex. A.

[3] *See, e.g., Roberts v. Electrolux Home Prods., Inc.*, Case No. SACV12-1644(VBKx), CV13-2339-CAS(VBKx), 2014 U.S. Dist. LEXIS 130163, at *32-33 (C.D. Cal. Sept. 11, 2014) (noting that Sweeney is a serial, professional objector whose objection "do[es] not seek to benefit the Class and

1

Pamela Sweeney—under whose name the instant objection has been filed—has been an objector in numerous class settlements. Like her husband, she too is a serial objector. *See Rikos v. P&G*, No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *36 (S.D. Ohio Apr. 30, 2018) ("First, the Court notes that Mrs. Sweeney—like Mr. Sweeney—frequently objects to class action settlements. Mrs. Sweeney has objected to 18 settlements in just the past five years."). The Sweeneys' litigious history of filing meritless objections undermines the legitimacy of their objection from the outset. *See Roberts*, 2014 U.S. Dist. LEXIS 130163, at * 33-35 (the fact that Mr. Sweeney is a "serial objector in class action matters raises additional issues as to the legitimacy of the objection").

On December 13, 2018, the Sweeneys filed an objection under Ms. Sweeney's name. As discussed in more detail below, the objection is defective in its construct, and the arguments made by the objectors lack merit and should be given no consideration.

## III. ARGUMENT

### A. The Objector Is Not a Class Member and Does Not Have Standing to Object

Individuals and entities that are not class members lack standing to formally object to a class action settlement. *Chapman v. Tristar Prods.*, No. 1:16-CV-1114, 2018 U.S. Dist. LEXIS 150153, at *12 n.36 (N.D. Ohio Sep. 4, 2018) (citation omitted).[4]

---

appear to be made for the improper purpose of delaying the Settlement to extract a fee" and "not only ignore[] the allegations of the case and the positions of the Parties, but [are] meritless and demonstrate[] a failure to appreciate the fact that settlements are by necessity compromises"); *see also Larsen v. Trader Joe's Co.*, No. 11-cv05188-WHO, 2014 WL 3404531, at *7 n.4 (N.D. Cal. July 11, 2014) ("[A]ttorney Patrick Sweeney also has a long history of representing objectors in class action proceedings."); *In re Checking Account Overdraft Litig.*, MDL No. 236, Case No. 09-md-02036-JLK (S.D. Fla. 2009), D.E. 3456, at 5 (identifying "Mr. Sweeney as a serial objector who filed objections to a number of the settlements previously approved in MDL No. 2036"); *In re Carrier iQ, Inc., Consumer Privacy Litig.*, No. 12-md-02330-EMC, 2016 U.S. Dist. LEXIS 114235, at *32-33 n.4 (N.D. Cal. Aug. 25, 2016) (collecting cases).

[4] *See also In re Hydroxycut Marketing and Sales Practices Litig.*, ASE NO. 09md2087 BTM (KSC);

On December 13, 2018, the Claims Administrator—Heffler Claims Group ("Heffler")—received Ms. Sweeney's objection. Declaration of Joseph F. Mahan ("Mahan Decl.") (attached as Ex. 2), ¶ 2. Heffler conducted a search of the records provided to it by GameStop and determined that no record for objector Pamela Sweeney is associated with the Wisconsin address on the instant objection. *Id*. ¶¶ 2-3. If there were a Ms. Sweeney from Madison, Wisconsin who was really a class member, her name would have appeared on the Class Member List. *Id*. ¶ 6.[5]

Tellingly, the vague statements in the objection about Ms. Sweeney believing she may be a class member (based her purported "review[] . . . certain notice of class action and proposed settlement") are consistent with some of the other boilerplate objections filed by the Sweeneys in other cases. *See* Johns Decl., at Exs. B-G (samples of various boilerplate, meritless objections filed by Ms. Sweeney).

Objectors have a basic duty to prove their membership in the class in order to object. *See, e.g., In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (where "Objectors did not substantiate their membership in this class, the district court did not abuse its discretion . . . in finding that the Objectors 'forfeited and waived' their objections to the class certification and settlement approval."); *cf. Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (objector had standing because they "complied" with the settlement notice). Because Ms. Sweeney is not a member of the Class, she has no standing to formally object and her

---

CASE NO. 09cv1088 BTM (KSC), 2013 U.S. Dist. LEXIS 133413, 2013 WL 5275618, *2 (S.D. Cal. 2013) ("[N]on-class members have no standing to object.") (internal quotation marks omitted).
[5] Notably, as of the date of this filing—and despite Mrs. Sweeney signing and submitting a document to the Court saying she did—the Claims Administrator has not received any claim form (or any mail or email correspondence) from the objector. Mahan Decl., at ¶ 7-9. Sweeney also failed to submit any receipt or other backup reflecting any purchase from GameStop's online store in conjunction with filing her objection. *See* Objection at 1 (omitting actual proof of membership). Ms. Sweeney also fails to identify when she purportedly visited the GameStop website, whether she has ever purchased anything from GameStop, what information she provided to GameStop, and what payment card (if any) she ever used on that website.

3

objection should be stricken. *See Stinson v. City of N.Y.*, 256 F. Supp. 3d 283, 291-92 (S.D.N.Y. 2017) ("Only a 'class member may object to the [settlement] proposal,' . . . which implies that '[o]bjectors who are non-Class members lack standing to object to . . . the settlement.'" (citation omitted)); *see also Rikos*, 2018 U.S. Dist. LEXIS 72722, at *36 ("Having failed to comply with the Court's requirement to prove Settlement Class Membership, Mrs. Sweeney has waived her objection.").

### B. The Objection Fails to Include Mandatory Information and is Thus Defective

#### 1. The Objector failed to include information required pursuant to the Settlement Notice and thus Waived Any Objection.

At the most basic level, the Sweeneys have failed to include mandatory information in the objection. The detailed, long-form class notice (ECF No. 40-2) identified specific information to be included in any objection, including "a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years." *See* ECF No. 40-2, at 7. The Preliminary Approval Order (ECF No. 42) also required that the objection contain this history.

Ms. Sweeney has filed objections in at least the following cases in the last three years (all overruled):

- *Mehigan v. Ascena Retail Group Inc.*, Case No. 15-724, ECF No. 116 (E.D. Pa. Apr. 15, 2016);
- *Edwards v. National Milk Producers Federation*, Case No. 4:11-cv-04766-JSW, ECF No. 449 (N.D. Cal. Nov. 1, 2016);
- *Leiner v. Johnson & Johnson Consumer Companies, Inc.*, Case No. 15-cv-5876, ECF No. 87 (N.D. Ill. Dec. 22, 2016);
- *Friedman v. Guthy-Renker, LLC*, Case No. 2:14-cv-06009-ODW, ECF No. 217-11 (C.D. Cal. May 1, 2017);
- *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411, ECF No. 155 (N.D. Cal. May 1, 2017); and
- *Mollicone v. Universal Handicraft*, Case No. 1:17-cv-21468-RNS, ECF No. 123 (S.D. Fla. July 5, 2018).

No details about any of the above activities are listed in Mrs. Sweeny's objection.[6] Under the circumstances, this is clearly material information that should have bene disclosed to the Court. Mr. Sweeney, who is undoubtedly also behind the instant objection, has filed a multitude of objections and has been an attorney for numerous objectors in in recent years.[7] None of these have been listed either.

The Sweeneys' failure to include mandatory information in their objection violates the Preliminary Approval Order entered by the Court, and defies the requirements set forth in the Class notice. This Court should find that the Sweeneys have waived their objection, and overrule it. *See* ECF No. 42, at ¶ 15 (identifying that "[a]ny member of the Settlement Class that does not properly . . . request exclusion . . . shall . . . be bound by all terms and provisions of the Settlement Agreement and Release . . . ."); *Rikos*, 2018 U.S. Dist. LEXIS 72722, at *34-35 ("The Preliminary Approval Order made clear that failure to comply with the requirements for objections would result in waiver. Mr. Sweeney's objection does not include a sworn statement that he is a member of the Settlement Class, and accordingly, he has waived his right to object.").

### 2. The objection fails to satisfy the requirements of FED. R. CIV. P. 23(e)(5).

Federal Rule of Civil Procedure 23(e)(5) was recently amended in order to alleviate the "hold ups" caused by "bad" objectors like the Sweeneys.[8] In addition to it being clear from the objection that Sweeney "[is] unfamiliar with the actual pleadings and submissions in this case, as

---

[6] *See Linneman v. Vita-Mix Corp.,* No. 1:15-cv-748, 2018 U.S. Dist. LEXIS 186933, at *6 (S.D. Ohio Nov. 1, 2018) (noting professional objector's failure to include basic required information in the objection, and finding that it weighed in favor of an appeal bond).
[7] *See* https://www.serialobjector.com/persons/115 (last visited Dec. 14, 2018).
[8] *See* John M. Barkett, *The 2018 Amendments to the Federal Class Action Rule*, at 8, available at https://www.americanbar.org/content/dam/aba/administrative/litigation/materials/2017-2018/2018-sac/written-materials/miami-class-actions-amendments-to-the-federal-class.pdf (last visited Dec. 14, 2018).

5

well as the substantive terms of the settlement at issue," *Tom's of Maine, Inc.*, Case No. 0:14-cv-60604-KMM, ECF No. 43, at 7, it is also clear that Sweeney did not bother to read the update to the Rules for objectors, which went into effect on December 1, 2018.

Rule 23(e)(5), as amended, requires that an "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, *and* also state with specificity the grounds for the objection." FED. R. CIV. P. 23(e)(5)(A) (emphasis added).[9] The Sweeneys fail, altogether, to make any statement in their objection as to whom or what subset of the Class the objection applies, in violation of the Rule 23(e)(5)(A). This alone is grounds to overrule the objection.

Furthermore, their objection is similar to all of their previous boilerplate objections which have, time and again, been held to lack the required specificity. *See, e.g., Tom's of Maine, Inc.*, Case No. 0:14-cv-60604-KMM, ECF No. 43, at 6 (recognizing Sweeney objection as "the same recycled, boilerplate arguments they have previously (and unsuccessfully) used in the past").[10] Courts have specifically described Ms. Sweeney's objections as frivolous and "too vague . . . to properly analyze." *Rikos*, 2018 U.S. Dist. LEXIS 72722, at *36 (citation omitted).

The instant objection shares the same defects. For example it suggests a lack of oversight of the claims process without making a single specific reference to the Settlement Agreement, and overlooks all of the oversight mechanisms in place. Objection at 2-3. The objection also contains a two sentence argument as to why the fee award is improperly tied to the level of

---

[9] The Advisory Committee Notes to the 2018 amendment to Rule 23(e)(5) clarify that "[t]he rule is also amended to clarify that objections must provide sufficient specifics to enable the parties to respond to them and the court to evaluate them. . . . [T]he rule directs that the objection state its grounds "with specificity." Failure to provide needed specificity may be a basis for rejecting an objection. FED. R. CIV. P. 23(e)(5) advisory committee's note (2018).

[10] *See also In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d at 640 (Sweeney's objections "amount to pure boilerplate language, wholly untethered from the actual terms of the settlement.").

claims (which is, of course, not required). *Id*. at 4. These and other failures to identify the grounds for objection with requisite specificity under Rule 23(e)(5)(A) are fatal to the objection.

      **C.**    **The Settlement Agreement Provides for Adequate Oversight of the Settlement and Claims Process**

Sweeney argues, with zero details, that there is a lack of oversight in the claims process under the Settlement Agreement ("SA"). Objection at 2-3. Citing only conclusory allegations that the Settlement Administrator employees sound like "they are reading off cards," Sweeney requests that Class Counsel's fee be withheld until the claims process is complete, presumably so that Class Counsel can ensure that the claims process goes smoothly. Sweeney herself acknowledges, however, that this is not the usual procedure and that she is seeking to improve "the status quo in Class Action cases." *Id.* at 3. The objection provides no basis for concluding that this admittedly novel suggestion is warranted here. Rather, the SA contains a straightforward claims process with ample oversight.

"All Settlement Class Members who submit a valid claim using the [attached] Claim Form are eligible" to receive money from the settlement. SA ¶ 2.1. The required documentation is laid out in the SA and the claim form is provided. The Claims Administrator, not Class Counsel, is vested with the authority to handle the claims process. If a Class Member submits an incomplete claim, the Claims Administrator must give the individual a chance to correct the claim.[11] *Id*. ¶ 2.4.2. Class Members are then given a chance to accept or reject the Claims Administrator's decision. *Id.* at ¶ 2.4.4. Lastly, the SA contains a provision for a Claims Referee to handle any appeals of claim form denials by the Claims Administrator. *Id.* at ¶ 2.4.5. Under

---

[11] "Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim." *Id*. ¶ 2.4.2.

this provision, the Claims Referee has the power to grant a claim that the Claims Administrator denied.

Sweeney's objections do not discuss this process at all, further demonstrating her failure to satisfy the specificity requirement for objections pursuant to Fed. R. Civ. P. 23(e)(5). Because the SA provides ample oversight of the claims process and Sweeney acknowledges that her approach is a deviation from standard practice, the objection should be overruled.

### D. The Requested Attorneys' Fee Award Is Fair and Appropriate

Sweeney makes several conclusory arguments that the attorneys' fees in the settlement are inappropriate. First, she challenges the attorneys' fees on the grounds that the fees are awarded regardless of how much money is ultimately recovered by class members. Sweeney simply states that this is unfair, but cites no authority in support. Rather, in class settlements, fees are generally judged against the amount of funds made available to the class, not the eventual amount claimed by class members. *See e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980); *In re Nutella Mktg. & Sales Practices Litig.*, 589 Fed. Appx. 53, 58-59 (3d Cir. 2014); *Lake Forest Partners, L.P. v. Sprint Communs. Co. L.P.*, No. 2:12-cv-00999-AJS, 2013 U.S. Dist. LEXIS 84681, *6 (W.D. Pa. Jun. 17, 2013) (fees based on the "gross cash benefits available for class members to claim").

Sweeney points to no reason to deviate from this general rule here. The proposed settlement in this case is straightforward and class members need only prove they are members of the class and provide proof of various costs incurred in order to recover. Sweeney offers no reason for the Court to find that recovery will be difficult or that class members will be cheated out of recovery.

Next, Sweeney argues that the proposed attorney's fees are excessive. Her only

reasoning, however, is based on the number of docket entries in the case and her lay opinion that only a few of the docket entries appear "substantive in nature." Objection at 4. Sweeney cites no case law – because none exists – where attorneys' fees were evaluated on a per docket entry basis.

As laid out more fully in Plaintiffs' fee petition (ECF No. 47), the amount of fees in the settlement is reasonable given the extensive work done on the case and the excellent result achieved for the class. Plaintiffs' counsel performed a significant investigation, secured class representatives, drafted and filed the complaint, briefed a motion to dismiss, engaged in discovery, attended and settled the case at a day-long mediation, finalized the settlement agreement, and sought approval from the Court. All told, Plaintiffs' counsel has now spent 796.3 hours on the case as of December 10, 2018. Based on Plaintiffs' counsel's hourly billing rates this equals $432,642 of work performed on behalf of the class exclusive of litigation costs.[12] The settlement provides for a flat $557,500 payment for both fees and costs. Based on these figures, the requested amount is approximately 129% of Plaintiffs' counsel's actual lodestar. In other words, Plaintiffs are seeking a 1.29 multiplier.

Courts in the Third Circuit routinely find in complex class action cases that a multiplier of one to four of counsel's lodestar is fair and reasonable. *See Boone v. City of Phila.*, 668 F. Supp. 2d 693, 714 (E.D. Pa. 2009); *accord In re Prudential*, 148 F.3d at 341 (citation omitted). The Third Circuit has "approved a multiplier of 2.99 in a relatively simple case." *Milliron*, 423 Fed. Appx. at 135 (citation omitted).[13]

---

[12] As of December 10, 2018, the total expenses incurred by Plaintiffs' Counsel total $10,519.96.
[13] *See also, Gray v. BMW of N. Am., LLC*, Civ. No. 13-cv-3417 (WJM), 2017 U.S. Dist. LEXIS 135593, *16 (D. N.J. Aug. 24, 2017) (approving a multiplier of 2.4 because it "falls within the range of multipliers often approved in this circuit"); *In re Schering-Plough Corp.,* No, 08-1432 (DMC)(JAD), 2012 U.S. Dist. LEXIS 75213, at *22 (D.N.J. May 31, 2012) (noting that a 1.6

The relatively modest 1.29 multiplier sought here is at the low end of this range, is reasonable, and should be approved. Sweeney provides no basis to conclude otherwise. *See Rikos*, 2018 U.S. Dist. LEXIS 72722 at *33-37 (overruling Mr. Sweeney's objections in another case, where, as here, the Sweeneys argued "in conclusory fashion" that the fees were excessive because "Mr. Sweeney does not point to any record evidence or legal argument to support his position that the fee requested is excessive."). Indeed, with the additional time spent working on this motion, handling the final approval hearing , and continuing to work with the settlement administrator, it is likely that Class Counsel will end up with a fee award that is equal to (if not less than) their actual lodestar. Accordingly, Sweeney's objection to the attorneys' fees should be overruled.

### E. Plaintiffs' and Their Counsel Will Make Detailed Time Records Available at the Final Approval Hearing

The final piece of the Sweeney objection claims that Class Counsel should be required to provide detailed time records "as a matter of course and not upon request." Objection at 5. Despite the lack of any requirement to do so, Class Counsel intends to bring detailed billing records to the final approval hearing on December 19, 2018. To the extent the objector even properly states a valid objection based upon production of billing records, it should be overruled.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully submit that the objection should be overruled and the Court should grant final approval of the settlement and an award of the requested attorneys' fees, expenses and incentive awards.

---

multiple "is an amount commonly approved by courts of this Circuit," and approving it as reasonable).

Dated: December 17, 2018            Respectfully submitted,

By:     */s/ Robert J. Kriner, Jr.*
        Robert J. Kriner, Jr. (DE Bar No. 2546)
        Tiffany J. Cramer (DE Bar No. 4998)
        Vera G. Belger (DE Bar No. 5676)
        **CHIMICLES & TIKELLIS LLP**
        2711 Centerville Road, Suite 201
        Wilmington, DE 19808
        (302) 656-2500
        rjk@chimicles.com

        and

        Benjamin F. Johns (*pro hac vice*)
        Andrew W. Ferich (*pro hac vice*)
        **CHIMICLES & TIKELLIS LLP**
        361 W. Lancaster Avenue
        Haverford, Pennsylvania 19041
        Tel: (610) 642-8500
        bfj@chimicles.com
        awf@chimicles.com

        Cornelius P. Dukelow
        Oklahoma Bar No. 19086
        **ABINGTON COLE + ELLERY**
        320 South Boston Avenue, Suite 1130
        Tulsa, Oklahoma 74103
        918.588.3400 (telephone & facsimile)
        cdukelow@abingtonlaw.com
        www.abingtonlaw.com

        *Co-Lead Counsel for Plaintiffs*