# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO. 1:17-cv-01365-JEJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| GAMESTOP CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF BENJAMIN F. JOHNS IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE OBJECTION OF PROFESSIONAL OBJECTOR PAMELA SWEENEY

I, Benjamin F. Johns, declare and state as follows:

1.     I am a Partner of Chimicles & Tikellis LLP ("C&T"). During the pendency of this litigation, my firm has acted as class counsel to Plaintiffs.  I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.     I submit this declaration in support of Plaintiffs' response to the objection of Pamela Sweeney.

3.     Attached hereto as Exhibit A are printouts of the Serial Objector Index webpages for serial objectors Pamela and Patrick Sweeney.

4.     Attached hereto as Exhibit B is a copy of the boilerplate objection filed by objector Pamela Sweeney in *Mehigan v. Ascena Retail Group Inc.*, Case No. 15-724, ECF No. 116 (E.D. Pa. Apr. 15, 2016).

5.     Attached hereto as Exhibit C is a copy of the boilerplate objection filed by objector Pamela Sweeney in *Edwards v. National Milk Producers Federation*, Case No. 4:11-cv-04766-JSW, ECF No. 449 (N.D. Cal. Nov. 1, 2016).

6.     Attached hereto as Exhibit D is a copy of the boilerplate objection filed by objector Pamela Sweeney in *Leiner v. Johnson & Johnson Consumer Companies, Inc.*, Case No. 15-cv-5876, ECF No. 87 (N.D. Ill. Dec. 22, 2016).

7.     Attached hereto as Exhibit E is a copy of the boilerplate objection filed by objector Pamela Sweeney in *Friedman v. Guthy-Renker, LLC*, Case No. 2:14-cv-06009-ODW, ECF No. 217-11 (C.D. Cal. May 1, 2017).

8.     Attached hereto as Exhibit F is a copy of the boilerplate objection filed by objector Pamela Sweeney in *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411, ECF No. 155 (N.D. Cal. May 1, 2017).

9.     Attached hereto as Exhibit G is a copy of the boilerplate objection filed by objector Pamela Sweeney in *Mollicone v. Universal Handicraft*, Case No. 1:17-cv-21468-RNS, ECF No. 123 (S.D. Fla. July 5, 2018).

*/s/ Benjamin F. Johns*
Benjamin F. Johns

# EXHIBIT A

# ⚖ Serial Objector Index _BETA_

# Pamela Sweeney

| | |
|---|---|
| **AS OBJECTOR:** | 11-cv-05188: Larsen et al v. Trader Joe's Company |
| | 12-cv-10064: In re Capital One Telephone Consumer Protection Act Litigation |
| | 13-cv-04806: Kolinek v. Walgreen Co. |
| | 09-md-02036: In Re: Checking Account Overdraft Litigation |
| | 11-cv-04766: Edwards v. National Milk Producers Federation |
| | 15-cv-00724: Mehigan v. Ascena Retail Group |
| | 14-cv-02411: Kumar v. Salov North America |
| | 15-cv-05876: Leiner v. Johnson & Johnson |
| | 17-cv-21468: Mollicone v. Universal Handicraft |
| | 14-cv-06009: Friedman v. Guthy-Renker |
| **AS SIGNER:** | 11-cv-05188: Larsen et al v. Trader Joe's Company |
| | 12-cv-10064: In re Capital One Telephone Consumer Protection Act Litigation |
| | 13-cv-04806: Kolinek v. Walgreen Co. |
| | 11-cv-04766: Edwards v. National Milk Producers Federation |
| | 15-cv-00724: Mehigan v. Ascena Retail Group |
| | 14-cv-02411: Kumar v. Salov North America |
| | 15-cv-05876: Leiner v. Johnson & Johnson |
| | 17-cv-21468: Mollicone v. Universal Handicraft |
| | 14-cv-06009: Friedman v. Guthy-Renker |
| **AS ATTORNEY:** | None |
| **ATTACHMENTS:** | None |
| **ADDED TO INDEX:** | 6/9/2015, 12:33:23 PM |
| **LAST UPDATED:** | 11/17/2018, 1:10:25 PM |

ⓘ Problems? Report an issue with this page »

## ⚖ Serial Objector Index *BETA*

# Patrick Sweeney

**AS OBJECTOR:** 11-cv-05188: Larsen et al v. Trader Joe's Company
12-cv-01644: Roberts v. Electrolux Home Products
10-md-02196: In re Polyurethane Foam Antitrust Litigation
11-cv-03082: Brown v. The Hain Celestial Group
14-cv-60604: Gay v. Tom's of Maine
14-cv-23120: Chimeno-Buzzi v. Hollister Co.
12-md-02311: In re Automotive Parts Antitrust Litigation
13-md-02420: In re Lithium Ion Batteries Antitrust Litigation
13-cv-00003: Hooker v. Sirius XM Radio
13-md-02426: In re TRS Recovery Services and Telecheck Services FDCPA Litigation
14-cv-01290: Martin v. Global Marketing Research Services
11-cv-01733: Chambers v. Whirlpool Corporation
15-cv-21264: Boise v. ACE American Insurance
14-cv-05615: McKnight v. Uber Technologies
15-cv-01143: Russell v. Kohl's Department Stores
15-cv-01801: Retta v. Millennium Products
12-cv-11280: Bacchi v. Massachusetts Mutual Life Insurance Company
17-cv-01252: Rawa v. Monsanto
14-cv-09087: Rapoport-Hecht v. Seventh Generation
10-cv-01811: In re Sony PS3 "Other OS" Litigation
17-cv-00849: Iglesias v. Ferrara Candy Company
15-cv-05307: Lennartson v. Papa Murphy's
12-cv-21678: Eggnatz v. Kashi

**AS SIGNER:** 13-cv-60721: Fladell v. Wells Fargo Bank
11-cv-05188: Larsen et al v. Trader Joe's Company
10-md-02196: In re Polyurethane Foam Antitrust Litigation
11-cv-03082: Brown v. The Hain Celestial Group
14-cv-60604: Gay v. Tom's of Maine
14-cv-60604: Gay v. Tom's of Maine
14-cv-23120: Chimeno-Buzzi v. Hollister Co.
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
12-md-02311: In re Automotive Parts Antitrust Litigation
13-md-02420: In re Lithium Ion Batteries Antitrust Litigation
08-md-01999: In re: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation
13-cv-00003: Hooker v. Sirius XM Radio
13-md-02426: In re TRS Recovery Services and Telecheck Services FDCPA Litigation
14-cv-01290: Martin v. Global Marketing Research Services
11-cv-01733: Chambers v. Whirlpool Corporation
15-cv-21264: Boise v. ACE American Insurance
14-cv-05615: McKnight v. Uber Technologies
15-cv-01143: Russell v. Kohl's Department Stores
15-cv-01801: Retta v. Millennium Products
17-cv-01252: Rawa v. Monsanto
14-cv-09087: Rapoport-Hecht v. Seventh Generation
10-cv-01811: In re Sony PS3 "Other OS" Litigation
17-cv-00849: Iglesias v. Ferrara Candy Company
15-cv-05307: Lennartson v. Papa Murphy's
12-cv-21678: Eggnatz v. Kashi

**AS ATTORNEY:** 13-cv-60721: Fladell v. Wells Fargo Bank
14-cv-60604: Gay v. Tom's of Maine
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
09-md-02036: In Re: Checking Account Overdraft Litigation
08-md-01999: In re: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation
14-cv-00912: Duncan v. JPMorgan Chase Bank

**ATTACHMENTS:** https://madison.com/wsj/news/local/courts/middleton-lawyer-sentenced-to-probation-in-scheme-but-deserved-prison/article_4b61b52a-69ff-56c3-b8bc-792af3c23ea8.html

**ADDED TO INDEX:** 6/1/2015, 2:48:32 PM

**LAST UPDATED:** 12/3/2018, 10:52:30 PM

ⓘ Problems? Report an issue with this page »

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROUGUIE, et al.                          )
                                         )       CIVIL ACTION NO. 15-724
vs                                       )
                                         )       FILED
                                         )
ASCENA RETAIL GROUP, INC., et al         )       APR 1 5 2016
                                         )

## OBJECTION OF PAMELA A. SWEENEY AND NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

My name is Pamela Sweeney and I reside at 2590 Richardson Street. Madison, Wisconsin, 53711 ("Objector").

My email  pam.sweeney1@gmail.com and my phone number is 424-299-4383. I appear in the action Pro Se (without counsel). My access code is 3346968989873.

I am a member of the class as I made many purchases totaling thousands of dollars during the time period January1st 2012 through February 28 2015.  I also received hundreds of emails from Justice in this time period.  I shopped at Justice located at Greenway Station, 1650 Deming Way, Middleton Wisconsin. 53562 and Justice located at 66 West Towne Mall, Madison, Wisconsin 53719.

My Confirmation Claim code is FYZYQUOK

I object to the 15,000,000.00 fee which they claim is 29.5% of the gross settlement fund. When combining cash and vouchers it is clear that vouchers are only really worth pennies on the dollar.  Therefore the fee being requested is a far greater value given this fact that is stated.  This becomes a huge windfall for the attorneys and a clever way of paying out way less to class members and stating what a great amount they achieved for the class.

The fee calculation is unfair in that the percentage of the settlement amount is far too high (it is stated in the Notice that it is 29.5%, which is high, but if the

percent is arrived at by using monies actually awarded class members the percentage is even higher).

The Objector hereby states that, of the 100 Docket Entries on PACER, very few entries were substantive in nature (really only the Complaints and Answer are substantive in nature thereafter the Motion for Preliminary Approval is filed (Approximately 8 months!). The remaining entries were mostly procedural in nature. 100 Docket entries is so nominal in the universe of hard fought litigation that the entire fairness of the fee must be called into question. 100 Docket Entries computes to an unfathomable $150,000 per Docket entry.  *that*

I object to how the remainder of THE funds would be used. It was stated that after claims, expenses, fee awards and Incentive awards and if any funds remained those funds shall be reverted back to Justice. I suggest that if any funds are remaining that those funds go to help children. Specifically donate those funds to a Children's Hospital.

I DO NOT intend to appear at the Final Approval Hearing.

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Respectfully submitted by:

Pamela A. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711
Phone: 424-299-4383.
Email: pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 13, 2016, I caused to be filed the
foregoing with the Clerk of the Court of the United States District Court for the
Eastern District of Pennsylvania and the Counsel as listed in the Notice of
Settlement by sending this document via U.S. First Class Overnight Mail
Delivery at the addresses provided in the Notice.

Pamela A. Sweeney, Pro Se

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*FILED*

*NOV - 1 2016*

*SUSAN Y. SOONG*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

|  |  |
|---|---|
| MATTHEW EDWARDS, et al.) | |
| ) | |
| Plaintiffs, ) | Case No.11-cv-04766-JSW |
| ) | |
| ) | |
| ) | |
| NATIONAL MILK PRO- ) | |
| DUCERS FEDERATION, et al.) | |
| ) | |
| Defendants. ) | |

---

**OBJECTION OF PAMELA A. SWEENEY, PRO SE TO PROPOSED**
**SETTLEMENT & NOTICE OF INTENT NOT TO APPEAR AT**
**FAIRNESS HEARING**

---

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

PAMELA A. SWEENEY ("Objector") has reviewed that certain notice of class action and proposed settlement which is dated August 15, 2016 (the "Notice"). As a result, she believes that she is a member of the class, as it is defined in that Notice. She intends to file a claim in this matter on or before January 31, 2017 (Claim deadline according to the Notice). Her address, e-mail address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for December 16, 2016 at 9:00 a.m. PST

1

at the United States District Court for the Northern District of California,

Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, CA 94612

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair,
reasonable nor adequate:

1.  Claims administration process fails to require reliable future
    oversight, accountability and reporting about whether the claims
    process actually delivers what was promised. The proposed
    settlement orders no counsel, not various class counsel nor any
    defense attorney (notwithstanding the large amount of attorney
    fees to be earned by the numerous law firms involved in this
    case) to monitor the settlement process to its ultimate completion.

    It would obviously be more prudent to withhold a portion of
    Class Counsel's fee until the entire distribution process is
    complete. Furthermore, it would also be judicious to require
    Class Counsel (and perhaps Defense Counsel as well) to report
    back to this Honorable Court with a final summary and
    accounting of the disbursement process (even if brief) in order to
    confirm that this matter has been successfully concluded and to
    allow this Honorable Court to "put its final stamp of approval" on
    the case.

    Objector is aware that this is not the "usual" procedure in Class
    Action proceedings.  Nonetheless, Objector submits the
    suggested process is an improvement to the present procedure
    which is the status quo in Class Action cases. Also nothing in the
    above proposed procedure violates the letter or spirit of the Class
    Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453,
    and 1711–1715,(the "Act")  Rule 23 F.R.C.P.(the "Rule") nor the
    body of case law developed (all three collectively referred to
    herein as "Class Action Policy"). Objector hereby urges this
    Honorable Court to adopt such a procedure as a "best practice
    standard "for Class Action settlements.

2.  No timeframe for completing administration of the monetary
    relief is set, so Class Members cannot know when payment
    would arrive. Moreover, the Settlement Administrator is not held
    to any specific timeframe to complete the settlement process.

3.    No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorneys fees would elevate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4.    Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

5.    The fee calculation is unfair in that the percentage of the settlement amount is far too high. After a review of the Docket there appears to be only 592 docket entries. In addition, very few entries were substantive in nature. The remaining Docket Entries were procedural in nature. Even so, 592 Docket Entries in a case that Class Counsel is asking for $17,333,333 plus accrued interest; the request of class counsel for reimbursement of costs and expenses incurred in pursuing this lawsuit, not to exceed $2,400,000; a request for service awards to each named class representative not to exceed $5,000 per named individual and a total of $90,000; and the Court's approval to pay the costs of settlement administration, not to exceed $2,000,000.00, to the third party settlement administrators is a breathtaking $52,787.16 PER DOCKET ENTRY ! Further regarding the Docket Entries, many were in the form of a Notice (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others Docket Entries were in regard to a *pro hoc vice* requests or changes in counsel; dozens of entries were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and, finally there were  many Docket Entries from the Court or the Clerk's Office regarding procedural items. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees and Expenses in the amount of $19,733,333.00 (plus interest).

6.    No fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable cost incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

3

7.     Attorneys' fees are disproportionate to the value of the Recovery of the Class (See Paragraphs 3, 4. 5 and 6 above). By way of example, the Notice states that the attorney fees award is one - third of the Settlement Fund. The real percentage, however when factoring all costs and awards is $21,823,333.  ($17,333,333 + $2,400,000 + $90,000 + 2,000,000 = $21,823,333). That total cost when compared to the Settlement Fund is more accurately described as forty three percent (43%) of the Settlement Fund.

8.     The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

Pamela A. Sweeney
2672 Mutchler Road
Madison, WI 53711
424-488-4383
Email:pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Northern District of California by sending this document via U.S. First Class Mail so that this document would be delivered within the timeframe described in the Legal Notice published in this case.  In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed.

CLASS ACTION CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
United States District Courthouse
1301 Clay Street
Oakland, CA 94612

Pamela A. Sweeney, Pro Se
Pro Se

# EXHIBIT D

MT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

STEPHANIE LEINER, individually and )
On behalf of all others similarly situated, )
                                    )
           Plaintiff,              )
                                    )
vs.                                 )
                                    )
JOHNSON & JOHNSON CONSUMER )
COMPANIES, INC.,               )
                                    )
           Defendant.            )

Case No.: 15-CV-5876
Hon. Elaine E. Bucklo

# FILED

DEC 22 2016 TM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

---

## OBJECTION OF PAMELA A. SWEENEY, PRO SE TO PROPOSED SETTLEMENT & NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

---

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief PAMELA A. SWEENEY, PRO SE ("Objector") has reviewed that certain notice of class action and proposed settlement which is undated (the "Notice"). As a result, she has determined that she is a member of the class, as it is defined in that Notice. She has filed a timely claim. Her address, e-mail address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for January 18, 2017 at 10:00 a.m. CST at

the United States District Court for the Northern Division of Illinois, United

States Courthouse, 216 South Dearborn Street, Chicago, IL 60604.


## <u>REASONS FOR OBJECTING TO THE SETTLEMENT</u>

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1.  Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

    It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

    Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 <u>U.S.C.</u> Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2. Although the fee calculation appears to be fair, in particular the fees and costs for lead Class Counsel, Shepherd, Finkelman, Miller & Shah, LLP, however, the individual time and cost entries are shown in summary format only. All fees and costs requested should be shown in greater detail including each time entry and detailed cost entries. Objector believes no fee request can be adjudicated as reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and details of cost incurred). The detailed billing statements are the only method which they can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request. Objector hereby requests that these detailed billing statements be ordered posted on the Settlement Website for review by all Class Members and the Court prior to any monies being distributed to Class Counsels.

3. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

4. Objector has objected in the following cases in the last 5 years:

    (a) US Bank  Case No.09-02036 Southern Florida
    (b) Trader Joes Case No. 11-05188 Northern California
    (c) Justice Case No.14-02562 Eastern Pennsylvania
    (d) Blue Buffalo Case 14-02562 Eastern Missouri
    (e) Walgreens  Case No. 13 C 4806 Northern Illinois
    (f) Snyders Case No. 13-62496 Southern District of
Florida

    (g) Western Union Case No. 14-cv-1741 Northern
Illinois

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Respectfully submitted,

Pamela A. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53719
424-488-4383
pam.sweeney1@gmail.com


# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Northern District of Illinois at the address listed below by sending this document via U.S. First Class Mail. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via U.S. First Class Mail and email to the counsel listed below.

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
 Northern District of Illinois
 219 South Dearborn Street
Chicago, IL 60604

James C. Shah
Shepherd, Finkelman, Miller & Shah, LLP
35 E. State Street
Media, PA 19106

Mark A. Neubauer
CARLTON FIELDS JORDEN BURT, LLP
2000 Avenue of the Stars
Suite 530

North Tower
Los Angeles, CA 90067-4707

Kristen Reilly
CARLTON FIELDS JORDEN BURT, PA
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC

_Pamela A. Sweeney_
Pamela A. Sweeney, Pro Se

# EXHIBIT E

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

RECEIVED FEB 1 3 2017

AMY FRIEDMAN and JUDI
MILLER, on behalf of themselves
and all others similarly situated,

                                Case No. 2:14-cv-06009-ODW

    Plaintiffs,

v.

GUTHY-RENKER, LLC, et al.

    Defendants.

---

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these
objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN THE CLASS

    Upon information and belief PAMELA A. SWEENEY, PRO SE

("Objector") has reviewed that certain notice of class action and proposed

settlement which is undated (the "Notice"). As a result, she has determined that she

is a member of the class, as it is defined in that Notice. She has filed a timely

claim. Her address, e-mail address and telephone number are listed at the

conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does NOT intend to appear at the

Fairness Hearing presently scheduled for June 5, 2017 at 1:30 p.m. PST at the

United States District Court for the Central District of California, 350 West First

Street, Los Angeles.


## REASONS FOR OBJECTING TO THE SETTLEMENT

1. Claims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised.

2. Any amount of attorney fees that are rewarded should be withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement.

3. The fee calculation is unfair in that the percentage of the settlement amount is far too high. Attorneys' fees are disproportionate to the value of the Recovery of the Class.

4. The individual time and cost entries are shown in summary format only. All fees and costs requested should be shown in greater detail including each time entry and detailed cost entries. Objector believes no fee request can be adjudicated as reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and details of cost incurred). The detailed billing statements are the only method which they can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request. Objector hereby requests that these detailed billing statements be ordered posted on the Settlement Website for review by all Class Members and the Court prior to any monies being distributed to Class Counsels. Thereafter, all Class

Members be afforded reasonable time to review the detailed billings and object if necessary.

5. The objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Respectfully submitted,

Pamela A. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53719
424-488-4383
pam.sweeney1@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2017, I caused to be filed the foregoing with the Settlement Administrator via U.S. First Class Mail.

Pamela A. Sweeney

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

FILED

MAY - 1 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ROHINI KUMAR, individual,         )
on behalf of herself, the general  )
public and those similarly situated)
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
SALOV NORTH AMERICA                )
CORPORATION,                       )
                                   )
        Defendant.                 )

Case No. 14-cv-2411

Hon. Yvonne Gonzalez Rogers

---

# OBJECTION OF PAMELA A. SWEENEY, PRO SE TO PROPOSED SETTLEMENT & NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

---

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these objections to the proposed settlement in this matter.

## **PROOF OF MEMBERSHIP IN THE CLASS**

Upon information and belief PAMELA S. SWEENEY ("Objector") has reviewed that certain notice of class action settlement which is not dated (the "Notice"). As a result, she believes that she is a member of the class, as it is defined in the Notice. On April 28, 2017 she timely filed a claim in this matter. Her Claim Number **is WFC0044282.**  Her address, e-mail address and telephone number are listed at the conclusion of this objection.

## <u>NOTICE OF INTENT TO APPEAR</u>

Objector hereby gives notice that she does NOT intend to appear at the

Fairness Hearing presently scheduled for May 30, 2017 at 2:00 p.m. PST, at the

United States District Court for the Northern Division of California, Oakland

Division, 1301 Clay Street, Courtroom 5, 2nd Floor, Oakland, CA 94612 (the

"Court"). She does, however, request the Court to review this objection and

implement the changes herein to the Order for Final Approval of Class Action

Settlement.

## <u>REASONS FOR OBJECTING TO THE SETTLEMENT</u>

For the following reasons, inter alia, the Objector hereby states that the
Settlement Agreement is not fair, reasonable nor adequate:

1.  Claims administration process fails to require reliable future
    oversight, accountability and reporting about whether the claims
    process actually delivers what was promised. The proposed
    settlement orders no counsel, not various class counsel nor any
    defense attorney (notwithstanding the large amount of attorney
    fees to be earned by the law firms involved in this case) to
    monitor the settlement process to its ultimate completion.

    It would obviously be more prudent to withhold a portion of
    Class Counsel's fee until the entire distribution process is
    complete. Furthermore, it would also be judicious to require
    Class Counsel (and perhaps Defense Counsel as well) to report
    back to this Honorable Court with a final summary and
    accounting of the disbursement process (even if brief) in order to
    confirm that this matter has been successfully concluded and to
    allow this Honorable Court to "put its final stamp of approval" on
    the case.

Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also, nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act")  Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2.   No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of the awarded attorney fees would elevate the concerns raised herein.

3.   Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of monetary relief paid to the Class Members. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

4.   Because of the determination of the amount the attorney fees will be decided, prior to the amount of monetary benefit to the Class Members is ascertained, it is impossible for this Objector to cross check the awarded fees as they relate to a percentage of the final monetary relief obtained.

5.   The Notice is defective, on its face, in that the objection filing date is impossible to determine. The Notice states "…If you want to raise an objection at the Final Approval hearing, you must first submit that objection in writing, by the objection deadline set forth above…" It is unclear where the "deadline as set forth above" is located in the Notice.

6.   Furthermore, the Notice continues to confuse, as it states "… [the objection] must be electronically filed via the Court's ECF system, or delivered to the Clerk of the Court by mail, express mail or personally delivery such that the objection is *received by*

the Clerk of the Court **(or postmarked)** on or before May 2, 2017.

7.   The attorney fee amount is excessive in that there was limited litigation activities. In fact, a review of the docket on PACER indicates there are only 154 Docket Entries. Moreover very few of the Docket Entries are legally substantive in nature. Most of the Docket Entries are procedural in nature. (See below Paragraph 8). In fact, there was no: significant discovery disputes; vigorous motion practice; motion for summary judgment; trial nor any appeals taken. In short, a 154 Docket Entries in a case where Class Counsel is asking for, fees and costs of $983,500.00 and for additional class incentive awards to the named Plaintiffs, is excessive. Assuming the Court were to grant Plaintiff's Counsel request, then each Docket Entry would be worth a breathtaking $6,379 PER DOCKET ENTRY!

8.   Furthermore, regarding the Docket Entries, many were simple notices (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others were in regard to a *pro hoc vice* requests or changes in counsel; others were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and finally there were many Docket Entries from the Court or the Clerk's office regarding procedural items. Obviously many of the Docket Entries were also generated by the Defendant. This is hardly the record of a case justifying Class Counsel's requested attorney fees and expenses in the amount of $982,500.

9.   The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement.

Respectfully submitted,

Pamela A. Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
(310)-339-0548
pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Northern District of California, Oakland Division by sending this document via U.S. First Class Mail so that this document would be delivered within the timeframe described in the Notice published in this case.  In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. The mailing address for the Clerk of Courts is listed below.

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Oakland Division
United States District Courthouse
1304 Clay Street
Oakland, California 94612

Pamela A. Sweeney, Pro Se

# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED by_____D.C.

JUL 0 3 2018

STEVEN M. LARIMORE
CLERK U.S DIST CT.
S. D. of FLA. – MIAMI

Lisa Mollicone, individually )
similarly situated,                 )          Civil Action No. 17-21468-Civ-Scola
                                           )
      Plaintiffs,                    )
                                           )
v.                                       )
                                           )
Universal Handicraft d/b/a   )
Deep Sea Cosmetics d/b/a    )
Adore Organic Innovations, )
and others,                         )
                                           )
      Defendants.                  )

---

**OBJECTION OF PAMELA SWEENEY PRO SE TO THE PROPOSED**
**SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR**

---

NOW COMES, Pro Se Objector, Pamela Sweeney and hereby files these objections to the proposed settlement in this matter.

### I.   PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Pamela Sweeney, Pro Se ("Objector") believes she is a member of the class as defined in that certain Legal Notice of Class Action Settlement which is not dated (the "Notice"). Objector's address and telephone number are listed at the conclusion of this objection.

## II. NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that she does NOT intend to appear at the

Fairness Hearing at the Federal Courthouse located at the U.S. District Court for

the Southern District of Florida, 400 North Miami Avenue Miami, Florida, 33128

on August 10, 2018 at 8:30am.

## III.   OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that she is a class member

with standing to object to the Court's Order for Preliminary Approval of the

Settlement by virtue of her purchasing one or more items from the list of covered

products. Objector will submit a timely claim.

## IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

### A.        The Requested Attorney Fees are Excessive.

Plaintiff Class Counsel requests that the Court award a total of $300,000.00

dollars in attorney fees and costs. The Settlement Fund is valued at $375,000.001

dollars.  The Cash portion available to Class Members is $50,000 dollars. Then

there is a "voucher fund" valued at $325,000.00 dollars.

Because the amount of Attorney Fees requested is about the same amount as the settlement amount (before discounting the settlement amount for the voucher discount) the fees are excessive.

### 1. Coupon Settlements under Class Action Fairness Act

The Class Action Fairness Act of 2005("CAFA") in addition to significantly expanding federal jurisdiction over class actions, (federal courts now have original jurisdiction to hear class actions in which: 1) the aggregated damages claim exceeds $5 million, 2) there are at least 100 class members, and 3) at least one plaintiff and one defendant are citizens of different states. *See* 28 U.S.C. §1332(d)(2)) several CAFA provisions require special scrutiny of class action "coupon settlements". Generally district courts must make specific findings that the settlement is "fair, reasonable, and adequate". The court's determination involves a consideration of numerous factors.

One of the most important changes under CAFA is the treatment court's should give to settlements involving coupons. Coupon settlements "have been severely criticized by commentators in the field" and "are strongly disfavored by the Attorneys General of most of the states.". *See Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1321 (S.D. Fla. 2007). Criticism of coupon settlements predates CAFA. *See, e.g., Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684,

696 (D. Minn. 1994), amended by 858 F. Supp. 944 (proposed coupon settlement rejected after court found that coupon redemption rates in similar cases were so low that the certificates in this case offered no real value to the class). CAFA regulates attorney's fees in coupon settlements by providing that any portion of fees attributable to the award of the coupons "shall be based on the value to class members of the coupons that are redeemed" rather than the theoretical value of the coupons available for redemption. (28 U.S.C. §1712(a)). The rate of coupon redemption can be effected by many different factors including use restrictions, transaction costs and the general desire of a class member to in fact use them in the commercial setting.  Further, because valuation can be complex, CAFA provides that the court "may receive expert testimony...on the actual value to the class members of the coupons that are redeemed."

Substantial creative energy has been spent crafting settlements that resolve class actions and provide class members with a benefit that the parties believe a court will approve as fair, adequate, and reasonable.  Several post-CAFA cases include parameters for how courts should define and value coupon settlements and illustrate the types of settlements that are likely to receive court approval.  Some of these cases reflect an inherent bias against coupon settlements and their derivatives.

Plaintiff claims that their fee request of $300, 000,00 dollars withstands an analysis under either the percentage of the case and an appropriate loadstar cross check and seemingly, on its face it does. Plaintiff's assertion, however, glosses over the fact that settlement values assumes every "voucher" will be redeemed and moreover redeemed at its full value .Class Counsel spends no time analyzing why the value of the vouchers should be $$325,000.00 , the face value of the voucher. They simply state the face value and proceed to analyze the request for fees undaunted by the need to meet its burden of proof regarding value. They offer no expert testimony, no historical data, and no similar cases where the face value of the voucher was the "real "value to the Class. Unlike so many other cases where Class counsel overwhelmed the court with support for it proposition that face value and actual value were one and the same.

### B. Adoption of Other Objections.

The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

Purchased at
westfield Topanga
and The Village

/ Purchased
1) Cellmax redefining
facial Cream
2) Cellmax elite
facial serum

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement; and

3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Date: June 28, 2018                    Respectfully submitted,

Pamela Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
(424)-488-4383
pam.sweeney1@gmail.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2018, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Southern District of Florida by sending this document via First Class U.S Mail. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via email to the counsel as listed in the Notice.

Pamela Sweeney, Pro Se

SWEENY
2672 MUTCHLER RD.
MADISON, WI 53711

CLERK OF COURTS
U.S.D.C. SOUTHERN FLORIDA
400 NORTH MIAMI AVE
MIAMI, FL 33128