IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL BRAY and SAMUEL COOK, on behalf of themselves and all others similarly situated, | ) ) ) ) | CASE NO. 1:17-cv-01365-JEJ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CLASS ACTION |
| GAMESTOP CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## ORDER GRANTING FINAL APPROVAL
## OF THE CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed application requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Crystal Bray and Samuel Cook (hereinafter "Plaintiffs") and Defendant GameStop Corporation (hereinafter "Defendant"), as fair, reasonable and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding an incentive payment to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the application for final approval of the settlement, an award of attorneys' fees and costs, and an incentive award to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining

1

whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ORDERED** that:

1. The settlement involves allegations in Plaintiffs' Class Action Complaint and Jury Demand against Defendant for failure to implement or maintain adequate data security measures for customer information, including Card Information, directly and proximately caused injuries to Plaintiffs and the Class.

2. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On August 1, 2018, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Class Representatives, and appointing Co-Lead Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing.

5. In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons residing in the United States who used a credit, debit, or other payment card to make (or attempt to make) a purchase on www.gamestop.com between June 6, 2016 and February 9, 2017.

Excluded from the Settlement Class are Defendant and its officers, directors, management, employees, predecessors-in-interest, successors-in-interest, assignees or affiliates, and subsidiaries, and the Judge(s) assigned to this case.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

   A. Defendant to institute a Settlement Claims Process as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

   B. Defendant to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, emailing and mailing notice, and preparing and mailing checks.

   C. Defendant to pay the reasonable attorneys' fees of Class Counsel.

   D. Class Counsel to pay incentive awards of $3,750 per Class Representative.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the application for counsel fees and costs, and the proposed payments to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court by Defendant.

10. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

11. As of the Opt-Out deadline, 33 potential settlement class members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

14. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> any and all claims and causes of action including, without limitation, any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; violations of the Indiana, North Carolina and similar state consumer protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

15. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $3,750 each as an incentive payment for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

16. The Court has appointed Benjamin Johns of Chimicles & Tikellis LLP and Cornelius P. Dukelow of Abington Cole + Ellery as Class Counsel.

17. The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees and costs in the amount of $557,500. Payment shall be made pursuant to the terms of the Settlement Agreement.

18. This Order resolves all claims against all parties in this action and is a final order.

19. The Court has considered and hereby overrules the one objection received by Pamela Sweeney. In the event that Ms. Sweeney files an appeal in this case, she will be required to post a bond in the amount of $10,000 pursuant to FED. R. APP. 7.

20. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

19th day of December 2018

Honorable John E. Jones III
United States District Judge

Exhibit A

# Exclusion Requests

1. CHRISTOPHER BARRETT
2. CHRISTOPHER PRAGER
3. DAVID GUENTHER
4. AARON PATTILLO
5. CAROLIN GLENDENNING
6. ADAM BUGG
7. ADAM STONE
8. JOHN SAULS
9. CORY SEIDEL
10. JOHN COLLISON
11. FRANK DILUZIO
12. ELISABETH TINSLEY
13. BETTE GRANDJEAN
14. ALEXANDER KUZNETSOV
15. DIANA JOHNSON
16. BRETT KRAUSS
17. DIXIANA EYTCHISON
18. KAITLIN KROLL
19. WILLIAM FUENTES
20. OSCAR TRUJILLO
21. ROBERT TAVENNER
22. SARA GREEN
23. SARAH SCHNIPER
24. SHALLAN DE LOS SANTOS
25. STEPHEN DOAN
26. STEVEN MULLENEAUX
27. SUSIE BELOCORA
28. JOSEPH GARCIA
29. BARRON ANDERSON
30. LEA STALL
31. MICHELLE QUALLS
32. DEANA SMITH
33. AUDREY CLAYTON